Mary **MURPHY**, Petitioner,

v.

**AMPEX CORPORATION, The Wausau Insurance Company, and The Industrial Commission of the State of Colorado, Respondents.**

**No. 84CA0985.**

Colorado Court of Appeals,
Div. I.

Decided March 7, 1985.

Rehearing Denied March 28, 1985.

Certiorari Denied Aug. 19, 1985.

Steven U. Mullens, James A. May, Colorado Springs, for petitioner.

Glasman, Jaynes & Carpenter, Ronald C. Jaynes, John A. Steninger, Denver, for respondents Ampex Corp. and The Wausau Ins. Co.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary K. Maldonado, Asst. Atty. Gen., Denver, for respondent Indus. Comn.

PIERCE, Judge.

In this workmen's compensation case, the sole issue before us is whether the value of group health insurance and supplemental life insurance provided by claimant's employer should have been included by the Industrial Commission in determining the amount of wage loss attributable to claimant Murphy's injury. We rule that these items should have been included and set aside the order.

In determining the permanent financial loss to a claimant under § 8–51–108, C.R.S., the Commission must consider the monetary loss which claimant sustained as a result of an injury and the subsequent termination by the employer. When it calculates permanent partial disability pursuant to § 8–51–108, C.R.S., it is necessary that the Commission look to § 8–47–101(2), C.R.S. (1984 Cum.Supp.) for guidance. That section reads as follows:

"Whenever the term 'wages' is used, it shall be construed to mean the money rate at which the services rendered are recompensed under the contract of hire in force at the time of the injury, either express or implied, and shall not include gratuities received from employers or others, nor shall it include the amounts deducted by the employer under contract of hire for materials, supplies, tools, and other things furnished and paid for by the employer and necessary for the performance of such contract by the employee; but the term 'wages' shall include the reasonable value of board, rent, housing, lodging, *or any other similar advantages received from the employer, the reasonable value of which shall be fixed and determined from the facts by the division in each particular case."* (emphasis added)

■ Here, both the hearing officer and the Commission agreed that the hourly rate and the number of hours worked per day were proper items to be considered in determining the weekly wage on which benefits should be based. The statute, however, allows other factors to be added to the equation, if the record is sufficient.

■ We hold that the value of the expanded group health coverage and the supplemental life insurance coverage should also be included in determining the "wages" of claimant. The value of these items is undisputed and it is not excludable as being within the category of things provided by the employer which are necessary for the performance of the employee's

work. Rather they are advantages, often specifically bargained for, received by the employee which are similar to benefits such as board and lodging and, thus, are part of the wages received by the employee.

The order is set aside and the cause is remanded to the Industrial Commission with directions that it calculate the award due to claimant consistent with the rule announced here.

SMITH and BABCOCK, JJ., concur.