## STATE COMPENSATION INSURANCE AUTHORITY and Nurse Placement Services, Petitioners,

### v.

### Bonnie R. SMITH, The Industrial Claim Appeals Office of the State of Colorado and Director, Division of Labor, Respondents.

#### No. 88CA0460.

Colorado Court of Appeals,
Div. V.

Nov. 25, 1988.

Rehearing Denied Dec. 22, 1988.

Certiorari Denied Feb. 21, 1989.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1987 Cum.Supp.).

Paul Tochtrop, Denver, for petitioners.

Craig C. Eley, Denver, for respondent Bonnie R. Smith.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Curt P. Kriksciun, Asst. Atty. Gen., Denver, for respondents Industrial Claim Appeals Office and Director, Div. of Labor.

PLANK, Judge.

The questions presented for review in this workmen's compensation proceeding are whether the computation of an injured employee's average weekly wage, for purposes of temporary disability benefits, may include the cost of employer provided health insurance and, if so, whether the inclusion of such insurance in the average weekly wage should be the premium cost to the employer or the amount it would cost the employee to convert to an individual plan. We hold that if employer-provided health insurance is discontinued while an employee is temporarily disabled, the cost of the health insurance should be included in the computation of the worker's average weekly wage. We also hold that the amount to be included is the cost to the employee to continue coverage, not including any regularly made employee contribution.

At the time Bonnie R. Smith (claimant) was injured, she earned $216.89 weekly. In computing claimant's average weekly wage, the hearing officer added $36.80 to claimant's salary representing the weekly value of meals claimant had been provided by her employment. He also added $15.76 weekly which represented the employer's premium for claimant's health insurance.

Claimant made no individual contribution to her health insurance while she was employed. She presented evidence that it would cost her approximately $45 weekly to convert the employer-provided health insurance to an individual plan. Claimant thus argued that $45 rather than $15.76, should be added to her average weekly wage.

The Industrial Claim Appeals Office (Panel) agreed with claimant's contention. Relying on *Murphy v. Ampex Corp.*, 703 P.2d 632 (Colo.App.1985), the Panel determined that the "reasonable value" of the health insurance should be included in claimant's average weekly wage. It concluded that the "reasonable value" of the insurance was the replacement cost to claimant at the time she was injured.

## I.

■ On review, State Compensation Insurance Authority and Nurse Placement Services (petitioners) assert that the cost of health insurance should not be included in the average weekly wage for purposes of temporary disability benefits. They argue that § 8–51–102 and § 8–51–103, C.R.S. (1986 Repl.Vol. 3B) contemplate that only wages or earnings actually paid to a worker can be the basis for temporary disability benefits. Petitioners further contend that the Panel erred in relying on *Murphy v. Ampex Corp., supra,* because that case determined only whether the cost of health insurance should be taken into consideration in ascertaining the existence and degree of *permanent* disability. We disagree.

Our holding in *Murphy v. Ampex Corp., supra,* relied on the statutory definition of the term "wages." That definition, now set out in § 8–47–101(2), C.R.S. (1988 Cum. Supp.), does not restrict "wages" to the money rate at which services are recompensed. Rather, the term wages also encompasses the reasonable value of "board, rent, housing, lodging, or any other similar advantages received from the employer." We held in *Murphy* that such "similar advantages" included health insurance. We now hold that this construction of the term "wages" is not limited to permanent disability considerations, but also applies to the computation of the average weekly "wage" for temporary disability purposes. Indeed, § 8–47–101(2) provides that:

> "*Whenever* the term 'wages' is used, it shall be construed to mean the money rate at which services are recompensed ... [and] the reasonable value of board, rent, housing, lodging, or any other similar advantages received from the employer...." (emphasis added)

## II.

Since employer-provided health insurance is one of the "advantages" that constitute an employee's wages, the question arises whether the employer's contribution to claimant's health insurance or the net re-placement cost to claimant should be used in computing the average weekly wage.

Petitioners contend that the employer's contribution must be used. They argue that to hold otherwise would derogate the requirement of § 8–47–101(2) that the money rate of any employee's wages is to be calculated under the contract in force at the time of injury. Petitioners reason that the replacement cost of a policy to an employee is a cost which arises *subsequent* to the injury. This argument is unpersuasive.

■ Read in context, § 8–47–101(2) provides that the *reasonable value* of the health insurance at the time of the injury should be used. Petitioners' argument equates "reasonable value" with the employer's cost. However, this argument ignores the fact that the employer's cost ($15.76 weekly) is far less than the value of the insurance to claimant. The value to claimant is the replacement cost she would incur to obtain insurance absent the employer's contribution. Here, we conclude that the replacement cost is the "reasonable value" of the insurance at the time of the injury, and should be added to the average weekly wage.

Our conclusion should not be construed to state that, as a matter of law, the replacement cost of the existing coverage will *always* be the reasonable value of health insurance or that the employer's cost can *never* be the reasonable value. For example, if evidence were presented that a worker could obtain equal or better coverage from a different carrier at a lower cost, then the lower cost might well be the "reasonable" value of the health insurance. Similarly, if an employee was eligible to continue her coverage by simply paying the employer's contribution, that contribution might be the reasonable value.

Here, however, there was no such evidence. Rather, the only evidence of the value of the insurance was the replacement cost to claimant. Therefore, the Panel was correct in ordering the replacement cost to be added to claimant's average weekly wage.

For the same reason, we reject petitioners' final contention that the Panel should

have remanded the issue to the hearing officer (now Administrative Law Judge) for his determination of the reasonable value of the insurance. Although § 8–47–101(2) provides that the reasonable value of employer advantages shall be determined by the Division of Labor, since the only evidence of value was the replacement cost, the ALJ could only have reached the same conclusion as was reached by the Panel.

The order is affirmed.

JONES and NEY, JJ., concur.