**WESTERN CULTURAL RESOURCE MANAGEMENT, INC. and Allied Insurance Group, Petitioners,**

v.

**Pauline O'Donnell KRULL and The Industrial Claim Appeals Office of the State of Colorado, Respondents.**

**No. 89CA0207.**

Colorado Court of Appeals,
Div. III.

Oct. 5, 1989.

Watson, Nathan & Bremer, P.C., Michael P. Zimmerman, Denver, for petitioners.

Douglas R. Phillips, Denver, for respondent, Pauline O'Donnell Krull.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Carolyn A. Boyd, Asst. Atty. Gen., Denver, for respondent, Indus. Claim Appeals Office.

Opinion by Judge STERNBERG.

Petitioners seek review of the portions of a final order of the Industrial Claim Appeals Office (Panel) determining the value of lodging provided to Pauline O'Donnell Krull (claimant) by her employer and ordering that they submit a vocational rehabilitation plan. We affirm.

At the time of her admitted work-related injury, claimant had a college degree and was employed as an archaeological technician. In addition to being compensated at a rate of $6.25 an hour, she was provided $10 a day as a meal allowance and an apartment which she shared with three other employees. After the accident, and during the period of total temporary disability, claimant returned to college to obtain a teaching certificate in secondary education and a master's degree.

Based on testimony of the claimant, the Administrative Law Judge (ALJ) found that employer, in lieu of $60 per diem, provided claimant with the use of an apartment and $10 per day for meals. The Panel affirmed the ALJ's determination that the value to the claimant of the employer's provision of the apartment was $50 per day.

Petitioners do not dispute that claimant's average weekly wage, computed under § 8-47-101(2), C.R.S. (1988 Cum.Supp.), should reflect the reasonable value of such housing. They contend, however, that the method used by the ALJ to determine the reasonable value was erroneous and that the evidence introduced by claimant was insufficient. We disagree.

Under § 8-47-101(2), a determination of what is the "reasonable value" of lodging at the time of injury must be made. "Reasonable value" is a question of fact and will vary depending on the available evidence which is presented and the multitude of circumstances which may affect the possible costs of the benefit to the employer or to the employee. *See State Compensation Insurance Authority v. Smith*, 768 P.2d 1256 (Colo.App.1988).

Here, the only evidence presented regarding the value of lodging was claimant's testimony that "normally we would be paid $60 a day, but since the company provided our housing in Wyoming they paid us $10 a day." Therefore, based on the only evidence presented, it could be inferred that the value to claimant of the employer-provided housing was $50 per day, and accordingly, we are not at liberty to disturb this finding. *See Vail Associates, Inc. v. West*, 661 P.2d 1187 (Colo.App. 1982), *aff'd*, 692 P.2d 1111 (Colo.1984).

Next, petitioners assert that the Panel erred as a matter of law in determining that their proposed plan to rehabilitate claimant to return to work as a "medical receptionist," for which she had previous experience, was unsuitable because claimant since had obtained a college degree. In this regard, they note that claimant had worked as a medical assistant for several years prior to receiving her bachelor's degree in archaeology. After she obtained that degree, claimant had held the "even lesser employment" of preparing meals for

the developmentally disabled until she could find employment in the field of archaeology. Therefore, petitioners reason that a position as a medical assistant cannot be considered unsuitable gainful employment because claimant would be returned to her pre-injury wage status. They view claimant's refusal to accept a plan to "brush up" her skills as a medical assistant as a waiver of vocational rehabilitation. Again, we disagree.

"Suitable gainful employment" means employment which is reasonably attainable and offers an opportunity to restore the injured worker to employment *with the employee's qualifications,* including but not limited to the employee's age, *education,* previous work history, *interests,* and skills. Industrial Commission Rule V(B)(6), 7 Code Colo.Reg. 1101–3 at 6. A vocational evaluation is required to contain an assessment as to the employee's likelihood of benefiting from rehabilitation services and must consider such factors as attitude, *interests, aptitudes,* motivation, and physical condition. Industrial Commission Rule V(C)(3)(e), 7 Code Colo.Reg. 1101–3 at 7. The return of an employee to a new occupation is a permissible objective of rehabilitation, albeit not the primary one. *See* Industrial Commission Rule V(D)(2), 7 Colo.Code Reg. 1101–3 at 8.

Thus, we agree with the Panel that, in determining "suitable gainful employment," a claimant's work history and education must be considered. And, "all work" for which a claimant has previous experience does not necessarily constitute "suitable gainful employment." *See Osborne v. Industrial Commission,* 725 P.2d 63 (Colo.App.1986). It is more equitable, and within the purview of the workmen's compensation statute, that a claimant's own vocational rehabilitation plan be adopted, as long as such plan is feasible and can reasonably be expected to accomplish its goals. *Winters v. Industrial Commission,* 736 P.2d 1256 (Colo.App. 1986).

Further, for a particular job opportunity to be found suitable, it is not essential that the general labor market also be favorable.

*See Roe v. Industrial Commission,* 734 P.2d 138 (Colo.App.1986).

Order affirmed.

CRISWELL and MARQUEZ, JJ., concur.