RICHARD BOROFSKY'S CASE.

Suffolk. November 7, 1991. - December 10, 1991.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Workers' Compensation Act*, Average weekly wages. *Statute*, Construction. *Words*, "Average weekly wages."

The value of employer-paid health insurance benefits does not constitute earnings of an employee for the purpose of computing the employee's average weekly wage under G. L. c. 152, the workers' compensation law. [379-381]

APPEAL from a decision of the Industrial Accident Reviewing Board.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Michael C. Akashian* (*Michael F. Walsh & Joseph P. McKenna, Jr.*, with him) for the employee.

*Paul W. Goodrich* (*Patricia C. Frazier* with him) for the insurer.

*W. Frederick Uehlein & Richard A. Wall*, for American Insurance Association & another, amici curiae, submitted a brief.

NOLAN, J. The narrow issue raised in this appeal is whether the value of employer-paid health insurance benefits constitutes earnings of the employee for the purpose of computing his average weekly wage under G. L. c. 152 (1990 ed.), the workers' compensation law. For the reasons that follow, we hold that such value shall *not* be included.

The reviewing board of the Department of Industrial Accidents denied the claim of Richard Borofsky (employee) to include the value of his employer-paid health insurance benefits in the calculation of his average weekly wage. He ap-

pealed to the Appeals Court. G. L. c. 152, § 12 (2). We transferred the case to this court on our own motion.

We do not have the benefit of any jurisprudence in the Commonwealth on this precise issue. However, the statutory language and its history lead us to the conclusion that the value of employer-paid health insurance should not be considered in calculating the employee's average weekly wage. Three statutes are implicated in this case, and none of them contains any language which would permit a conclusion that average weekly wage includes the value of employer-paid health insurance.

General Laws c. 152, § 1 (1), defines "the earnings of the injured employee," but does not detail the categories of benefits factored into the determination of such "earnings." In § 1 (9), which purports to define "[a]verage weekly wage in the commonwealth," one is directed to G. L. c. 151A, § 29 (a) (1990 ed.). Section 29 (a) falls far short of sustaining the employee's position. That section deals exclusively with the method of computing the average weekly benefits and does not identify the variables considered when computing that average.

Moreover, it is of no minor significance that the definition of "wages," prior to 1941, included "every form of remuneration . . . for employment by an employer . . . including . . . reasonable value of board, rent, housing, lodging, payments in kind and *similar advantages*" (emphasis added). G. L. c. 151A, § 1 (*n*), as appearing in St. 1937, c. 421, § 1. The Legislature in 1941 deleted the phrase "similar advantages." St. 1941, c. 685, § 1.

Earlier cases in Massachusetts which decided that wages include sales commissions (*Perkins's Case*, 278 Mass. 294, 301-302 [1932]), the value of tips earned by a waitress (*Powers's Case*, 275 Mass. 515, 518-520 [1931]), and board and room (*Palomba's Case*, 9 Mass. App. Ct. 881 [1980]), are facially distinguishable because they "bear a close analogy to wages paid by [the employer]," *Powers's Case, supra* at 519, unlike the value of health insurance.

Cases from other jurisdictions which tend to favor the employee are not helpful because they have been decided under statutes which are dissimilar to ours. See, e.g., *State Compensation Ins. Auth.* v. *Smith*, 768 P.2d 1256, 1258 (Colo. Ct. App. 1988) (statutory definition of "wages" which includes monetary compensation and *similar advantages* construed to encompass value of health insurance benefits). Notably, in *Morrison-Knudsen Constr. Co.* v. *Director, Office of Workers' Compensation Programs*, 461 U.S. 624 (1983), discussed by the parties, the United States Supreme Court held that the term "wages" under § 2(13) of the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. (part 2) 1425, codified at 33 U.S.C. § 902(13) (1982), did *not* include the employer contribution to union trust funds for health and welfare, pensions and training despite the fact that the Federal statute included the phrase "similar advantage," *id.* at 629-630, the phrase which the Massachusetts Legislature deleted from G. L. c. 151A in 1941.

There are policy considerations which favor both sides of this question, but they are more properly addressed to the Legislature which to date has left the definition of "average weekly wages" unchanged despite a comprehensive revision of G. L. c. 152.

Accordingly, the decision of the reviewing board of the Department of Industrial Accidents is affirmed.

*So ordered.*