Craig A. SNEATH, Petitioner,

v.

EXPRESS MESSENGER, Colorado Compensation Insurance Authority, and The Industrial Claim Appeals Office of the State of Colorado, Respondents.

No. 93CA1250.

Colorado Court of Appeals, Div. II.

July 14, 1994.

As Modified on Denial of Rehearing Aug. 18, 1994.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1993 Cum.Supp.).

Richard J. Lesch, Denver, for petitioner.

Paul Tochtrop, Denver, for respondents Exp. Messenger and Colorado Compensation Ins. Authority.

No appearance for respondent Indus. Claim Appeals Office.

Opinion by Judge CRISWELL.

Craig A. Sneath, claimant, seeks review of an order of the Industrial Claim Appeals Panel which determined that his average weekly wage was properly calculated on only fifty percent of his commission salary. We set aside the order.

Claimant, a deliveryman for Express Messenger (Express), suffered disabling injuries in an automobile collision. It is undisputed that his injuries arose out of and in the course of his employment.

Claimant was paid on a commission basis of 45% of the proceeds derived from all deliveries that he made. He testified that he went to work for Express after seeing its advertisement for drivers in a Denver newspaper. That advertisement, introduced as an exhibit, represented that drivers could earn "$25,000/per year or more." Claimant's average gross weekly commission at the time of his injuries was $395.84. On an annual basis, this provided him with payment of some $20,-500.

However, one-half of the gross commissions paid to claimant, or an average of $197.74 per week, was designated by Express as a non-taxable "expense reimbursement." This meant that, with respect to this portion of the commission paid to claimant, Express did not withhold federal or state income taxes. Likewise, it made no F.I.C.A. contributions or similar payments upon this portion of the commissions.

Regulations adopted by the Colorado Public Utilities Commission require that Express, as a common carrier, must either own or lease any vehicle which it uses in freight carrier services. *See* Public Utilities Commission Rule 8, 4 Code Colo. Reg. 723–8 (1991). In compliance with this regulation, Express required claimant to execute a written lease of his personal automobile. Under the terms of this lease, claimant was solely liable for all repairs, maintenance, fines, speeding tickets, parking costs, liability insurance, and other expenses related to the vehicle. However, claimant received no compensation for the lease of his vehicle; rather, the consideration for the lease, as expressed in the document, was simply that: "[Claimant] shall be carried on the payroll records of [Express] as an employee ... and [Express] shall make all withholdings and deductions from his compensation as may be required under the provisions of federal, state, and local law."

Claimant was issued only a single check, purporting to cover both the taxable and non-taxable portions of his commissions. He was not required to itemize his actual expenses or to submit any receipts documenting them.

The Administrative Law Judge (ALJ) found, in effect, that the amount designated by Express as an expense reimbursement had no relationship to claimant's actual expenses. With record support, the ALJ found that claimant's average weekly expenses amounted to only $44, rather than the $197.74 designated as an expense reimbursement by Express. Consequently, the ALJ determined that claimant's average weekly wage equalled the total amount of his average gross commissions, less his actual expenses, or $351.84, and entered an order for

temporary total benefits based on this finding.

On review, the Panel set this order aside. Relying on *Filippone v. Industrial Commission,* 41 Colo.App. 322, 590 P.2d 977 (1978), the Panel concluded that there was no basis in the statute for deducting the claimant's actual work-related expenses in determining his average weekly wage. However, the Panel also concluded that the ALJ had made inadequate findings of fact concerning the contract of hire. The Panel, therefore, remanded the case to the ALJ for additional findings, stating: "The critical issue is the *agreement* of the parties, not how the employer may have accounted for payments subsequent to the making of the contract." (emphasis in original)

On remand, the ALJ simply adopted Express' characterization of the earnings. He found that one-half of claimant's commission salary consisted of compensation for his services, while the remaining one half was for reimbursement of expenses "without regard to the actual expenses incurred." The ALJ thus concluded that claimant's average weekly wage was $197.74, not $395.48, and he reduced the claimant's weekly benefits accordingly. The Panel affirmed.

On appeal, claimant argues that the Panel and ALJ erred in subtracting 50% percent of his commission income in determining his average weekly wage. He argues that an employer cannot evade its workers' compensation liability by denominating only a portion of an employee's recompense as wages. We agree.

The statute defining "wages" for purposes of workers' compensation, § 8–40–201(19), C.R.S. (1993 Cum.Supp.), states that such term means:

[T]he money rate at which the services rendered are recompensed under the contract of hire in force at the time of the injury, either express or implied.

That statute provides that the value of certain, specified fringe benefits are to be included within the term, but it does not contain any provision authorizing the deduction from an employee's gross compensation of any expenses incurred by the employee, whether or not such expenses are reimbursed by the employer.

Although this statute has been amended since the decision in *Filippone v. Industrial Commission supra,* such amendments did not modify the statutory language quoted above. *See* Colo.Sess.Laws 1990, ch. 62, at 470; Colo.Sess.Laws 1991, ch. 219, at 1293–94. And, it was the foregoing language that was relied upon by the division in *Filippone* in determining that, for purposes of the Workers' Compensation Act, it is the gross compensation paid to the employee, not the employee's net profit from the job, which is to serve as the basis for the computation of compensation benefits.

The *Filippone* court noted that *every* employee incurs expenses associated with his or her employment. Some expenses, such as overnight travel away from home, are deductible for purposes of federal and state income tax laws; some expenses, such as the cost of traveling from home to the job and return, are not deductible. However, whether the expense is deductible for income tax purposes is irrelevant; in any case, the amount received by the employee as compensation is a "gross" amount from which the employee is required to pay certain expenses.

Given this consideration, the *Filippone* court concluded that "[a]bsent a clear legislative directive to exclude a portion of an employee's compensation from what is to be considered his wages," it would refuse to allow any deduction from the gross amount paid to an employee whose driving services for his employer included use of his own vehicle at his expense. *Filippone v. Industrial Commission, supra,* 41 Colo.App. at 324, 590 P.2d at 979.

*Filippone* was decided in 1978, and despite several amendments to the statute in question, there remains no "clear legislative directive" to deduct expenses from gross compensation that the *Filippone* court found to be missing from the statute. In such circumstances, we must presume that the General Assembly has approved the judicial interpretation placed upon that statute. *See Music City, Inc. v. Estate of Duncan,* 185 Colo. 245, 523 P.2d 983 (1974).

Both parties have referred to *Elliott v. El Paso County,* 860 P.2d 1363 (Colo.1993). There, our supreme court ruled that reason-

able amounts claimed by a self-employed worker for depreciation may be deducted in determining the worker's post-injury earnings for the purpose of computing the worker's temporary partial disability benefits. However, the earnings in *Elliott* were from self-employment, and hence, the Elliott court had no occasion to construe the statutory definition of "wages." Accordingly, *Elliott* is inapposite here.

■ Further, we also conclude that an employer cannot evade its responsibility to its employee under the Workers' Compensation Act by labelling a portion of the compensation paid to that employee as an expense reimbursement, at least in those instances, as here, in which there is no rational or realistic relationship between the employee's actual expenses and the amount claimed as a reimbursement. *See Arthur Shelley Trucking v. Workmen's Compensation Appeal Board,* 114 Pa.Commw. 138, 538 A.2d 604 (1988) (employer's designation of portion of payment as reimbursement for expenses cannot defeat statute's express declaration as to meaning of wages).

■ Accordingly, we conclude that the claimant's average weekly wage must include both the amount designated by Express as salary and the amount which it arbitrarily designated as "expense reimbursement."

Whether the statute mandates that a wholly separate payment by an employer, based upon the employee's itemization of expenses and presentation of receipts therefor or upon a reasonable estimate thereof, must also be considered as "wages," is a question not presented here. We do not, therefore, pass upon that issue.

The order is set aside, and the cause is remanded to the Panel with directions to redetermine claimant's temporary disability benefits consistent with this opinion.

MARQUEZ and TURSI *, JJ., concur.