**ERNIE BAYLOG, INC., and Colorado Compensation Insurance Authority, Petitioners,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and Sally A. Olney, Respondents.**

**No. 95CA1969.**

Colorado Court of Appeals, Div. II.

May 16, 1996.

As Modified on Denial of Rehearing July 25, 1996.

Anderson, Campbell and Laugesen, P.C., Thomas M. Schrant, Patrick M. Plank, Denver, for Petitioner Ernie Baylog, Inc.

No Appearance for Petitioner Colorado Compensation Insurance Authority.

No Appearance for Respondent Industrial Claim Appeals Office of the State of Colorado.

Mark A. Simon, Denver, for Respondent Sally A. Olney.

Opinion by Judge HUME.

The issue in this workers' compensation proceeding is whether a four cent per mile payment made to Sally A. Olney (claimant) in connection with her job as an over-the-road truck driver for Ernie Baylog, Inc. (employer) should be included in determining her average weekly wage. We conclude that it should not be included and, therefore, set aside the order of the Industrial Claim Appeals Panel (Panel).

Employer agreed to pay claimant eight cents per mile as wages, and an additional four cents per mile to cover all personal expenses incurred while driving, such as meals, showers, and an occasional motel room. From the eight cents per mile designated as wages, employer deducts federal income taxes and Social Security taxes. However, pursuant to instructions from the Internal Revenue Service (IRS), employer does not deduct these taxes from the four cents per mile paid for personal expenses.

The Administrative Law Judge (ALJ) found that it is standard practice in the trucking industry for an employer to pay up to four cents per mile for expenses without withholding any portion of this money for taxes. Concluding that employer participated in that practice here, the ALJ excluded the expense payment from the calculation of claimant's average weekly wage, and instead based her average weekly wage solely upon the eight cents per mile designated as wages.

The Panel held that the four cent per mile payment was more akin to compensation paid for claimant's services, rather than reimbursement for actual expenses incurred in the performance of those services. Thus, the Panel based its determination of claimant's average weekly wage upon the total 12 cents per mile actually paid by employer.

■ Employer contends that the Panel erred in finding that the four cent per mile payment should be included in claimant's average weekly wage. We agree.

The term "wages" means the money rate at which services rendered are recompensed under the contract of hire in force at the time of the injury. Section 8–40–201(19)(a), C.R.S. (1995 Cum.Supp.); *see Aspen Highlands Skiing Corp. v. Apostolou*, 854 P.2d 1357 (Colo.App.1992), *aff'd*, 866 P.2d 1384 (Colo.1994). Included in the term "wages" is the employer's cost of providing health insurance, gratuities, and the reasonable value of board, rent, housing, and lodging received from the employer. Section 8–40–201(19)(b), C.R.S. (1995 Cum.Supp.). However, a per diem payment is not considered "wages" for purposes of computing workers' compensation benefits unless it is also considered "wages" for federal income tax purposes. Sections 8–40–201(19)(c) and 8–42–102(2), C.R.S. (1995 Cum.Supp.).

The term "per diem" is not defined in the Workers' Compensation Act (Act). The term is used in the Act to describe not only an expense reimbursement, as in §§ 8–40–201(19)(c) and 8–42–102(2), but also the daily payment for services rendered, as contemplated in § 8–42–102(2)(c), C.R.S. (1995 Cum. Supp.). *See St. Mary's Church & Mission v. Industrial Commission*, 735 P.2d 902 (Colo. App.1986) (daily payment for services rendered); *Western Cultural Resource Management, Inc. v. Krull*, 782 P.2d 870 (Colo.App. 1989) (in lieu of $60 per diem, employer provided lodging valued at $50 per day and $10 per day for meals).

▮ The rules of statutory construction require that we construe the term "per diem" in such a manner as to further the General Assembly's intent in enacting the statute. *See Golden Animal Hospital v. Horton*, 897 P.2d 833 (Colo.1995). To discern legislative intent, we must first examine the language of the statute, and unless the result is absurd, the words must be given their plain and ordinary meaning. *Snyder Oil Co. v. Embree*, 862 P.2d 259 (Colo.1993). If the statutory language is clear and unambiguous, the statute must be applied as written without interpretation. *Husson v. Meeker*, 812 P.2d 731 (Colo.App.1991).

*Black's Law Dictionary* 1023 (5th ed.1979) defines the term "per diem" as "by the day, an allowance or amount of so much per day."

The Panel relied on this definition in reaching the conclusion that since the four cent payment was a "per mile" payment, it did not constitute a "per day" payment and was therefore not a "per diem." Finding that the statutory language was clear and unambiguous, it declined to resort to the rules of statutory construction. *See Husson v. Meeker, supra.*

We conclude, as a matter of law, that the term "per diem" is not clear and unambiguous. Although it is frequently used in the sense of a "per day" payment, in the trucking industry, a "per diem" can be paid in the form of a flat daily rate or on a cents per mile basis. *See Employers Insurance of Wausau v. Polar Express, Inc.*, 780 F.Supp. 610 (W.D.Ark.1991) (trucking company switched from flat daily allowance to cents per mile when reimbursing employees for expenses, and considered both forms a "per diem"); *Scyphers v. H & H Lumber*, 237 Mont. 424, 774 P.2d 393 (1989) (per diem paid as cents per mile). Thus, we find it necessary to examine the legislative history of the per diem provisions in §§ 8–40–201(19)(c) and 8–42–102(2).

The per diem provisions were introduced in a bill prompted by the trucking industry as a means to exclude from the definition of "wages" the per diem paid to its truckers. The examples used in the testimony in support of the bill convince us that the term "per diem" was used to mean either a flat daily rate or a set amount per mile. The cents per mile basis was explained as a reliable indicator of a per day expense reimbursement that fit within the guidelines of the IRS because truckers are bound by hours of service regulations, and their hours driven could not exceed a certain number per day. *See* Hearings on S.B. 190 before the House Committee on Business Affairs and Labor, 59th General Assembly, Second Session (April 12, 1994).

The main purpose of the bill was to exclude the per diem expense allowance from the wage base used to calculate workers' compensation insurance premiums. However, another related purpose was to ease the burden of keeping records, such as diary entries and receipts, on both the trucker and the employer, yet still allow them to claim

the expense reimbursement. *See* House Committee Hearings, *supra;* Hearings on S.B. 190 before the Senate Committee on Business Affairs and Labor, 59th General Assembly, Second Session (March 23, 1994). As long as the daily amount paid for personal expenses did not exceed that allowed by the IRS as a presumed daily amount, then the record-keeping was deemed unnecessary.

Thus, the per diem provisions in §§ 8–40–201(19)(c) and 8–42–102(2) were enacted to address the very situation presented in this case. The ALJ found that taxes were not withheld on the four cent per mile payment because it was not considered wages for federal income tax purposes. Accordingly, the ALJ concluded that the expense allowance was not considered wages under §§ 8–40–201(19)(c) and 8–42–102(2).

The fact that claimant testified that she had *no* personal expenses does not change this result. Employer testified that the four cent per mile payment was for expenses incurred on the road and that claimant agreed not to claim this amount as wages. Even though the ALJ "guessed" that he found claimant credible, he also found that she was "not as knowledgeable" as employer and questioned her testimony about having no personal expenses. Furthermore, the ALJ took administrative notice of the fact that: "You run into meal expenses on the road." In addition, the claimant testified that she did provide lunches from home for her use on the road. Thus, we cannot attach any particular significance, as did the Panel, to claimant's denial of having incurred any personal expenses.

Furthermore, we agree with the ALJ's bench comments that, in an interpretation of the per diem provisions, the determining factor under the pertinent Colorado statutes is whether the IRS "considered" the per diem payment wages for federal income tax purposes, not whether claimant considered them to be wages. It was in this regard that the ALJ found that claimant was less knowledgeable than employer.

The Panel cited *Sneath v. Express Messenger,* 881 P.2d 453 (Colo.App.1994), which in turn relies on *Filippone v. Industrial Commission,* 41 Colo.App. 322, 590 P.2d 977

(1978), in support of its conclusion that the four cent per mile payment should not be excluded from the calculation of claimant's average weekly wage. However, neither of these cases conflicts with our interpretation of the per diem provisions.

*Sneath* stands for the proposition that an employer cannot evade its responsibility to an employee by labeling a portion of the employee's compensation as an expense reimbursement if there is no rational or realistic relationship between the actual expenses and the amount claimed as an expense reimbursement. Here, the legislative committee comments establish that the relationship is presumed, provided it fits within established IRS guidelines.

Likewise, the *Filippone* court declined to deduct work-related expenses in determining the claimant's average weekly wage, absent a clear legislative directive to exclude a portion of the employee's compensation. Here, however, the General Assembly's committee comments clearly show its intent to exclude the expense allowance, whether it was a flat daily rate or was figured on a per mile basis, in the calculation of a claimant's average weekly wage, so long as it was not considered wages for federal income tax purposes.

In conclusion, we hold that the Panel erred in including the four cent per mile payment in claimant's average weekly wage. The payment constituted a per diem expense reimbursement under §§ 8–40–201(19)(c) and 8–42–102(2), and since it was not considered wages for federal income tax purposes, it should be excluded from the calculation of claimant's average weekly wage.

The order of the Panel is set aside, and the cause is remanded to the Panel with directions that the ALJ's order be reinstated.

CRISWELL and JONES, JJ., concur.