Bryce YOUNG, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF THE STATE OF COLORADO, Respondents,

and

The Division of Workers' Compensation, and Mary Ann Whiteside, Director, Division of Workers' Compensation, State of Colorado, Intervenors.

No. 97CA1165.

Colorado Court of Appeals, Div. III.

April 16, 1998.

Rehearing Denied May 14, 1998.

Certiorai Denied Jan. 11, 1999.

Alexander & Ricci, William A. Alexander, Jr., Colorado Springs, for Petitioner.

The Connell Law Firm, John M. Connell, David R. Little, Denver, for Respondent Westway Express and Helmsman Management Services.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, John D. Baird, Assistant Attorney General, Denver, for Intervenors.

Opinion by Judge PLANK.

In this workers' compensation proceeding, Bryce Young (claimant) seeks review of the final order of the Industrial Claim Appeals Office (Panel) which excluded per diem payments in the calculation of his average weekly wage. We affirm.

At the time of his compensable injury, claimant, an over-the-road trucker, earned twenty-one cents for every mile driven. Thirty-two percent of that rate was considered a per diem payment not subject to federal income taxes. In determining claimant's average weekly wage for purposes of his temporary total disability (TTD) compensation, the Administrative Law Judge (ALJ) excluded the per diem payment.

The ALJ's calculation was based upon § 8–42–102(2), C.R.S.1997, which provides that, in the calculation of a claimant's average weekly wage, any remuneration representing a per diem payment is to be excluded unless such payment is considered wages for federal income tax purposes. The Internal Revenue Code provides a deduction from personal income for ordinary and necessary expenses incurred in carrying on a trade or business including travel expenses such as food and lodging. 26 U.S.C. § 162(a)(1994).

Section 8–40–201(19), C.R.S.1997, sets forth a similar exclusion in its definition of wages:

(a) 'Wages' shall be construed to mean the money rate at which the services rendered are recompensed under the contract of hire in force at the time of the injury, either express or implied.

(b) The term 'wages' shall include the amount of the employee's costs of continuing the employer's group health insurance plan ... and gratuities reported to the federal internal revenue service by or for the worker for purposes of filing federal income tax returns and the reasonable value of board, rent, housing, and lodging received from the employer ... but shall not include any similar advantage or fringe benefit not specifically enumerated in this subsection (19)....

(c) No per diem payment shall be considered wages under this subsection (19) unless it is also considered wages for federal income tax purposes.

On review, the Panel upheld the ALJ's exclusion of the per diem payment from the calculation of claimant's average weekly wage.

■ As his sole contention on appeal, claimant argues that the exclusion of the per diem payments in the calculation of his average weekly wage as mandated by § 8–40–201(19)(c), C.R.S.1997, and § 8–42–102(2) violates the guarantee of equal protection. He argues that such payments would be included in the average weekly wage pursuant to § 8–40–201(19)(b) if they were instead denominated as "room and board." We disagree that the exclusion of per diem payments creates an arbitrary distinction which depends only upon the label used for such payments and, therefore, reject the claim that the exclusion is unconstitutional.

■ The threshold question in any equal protection challenge is whether the legislation results in dissimilar treatment of similarly situated individuals. *Industrial Claim Appeals Office v. Romero,* 912 P.2d 62 (Colo. 1996).

■ Because the Workers' Compensation Act, § 8–40–101, et seq., C.R.S.1997, implicates no fundamental rights, the rational basis test provides the appropriate gauge in determining whether a statutory classification comports with equal protection. *Higgs v. Western Landscaping & Sprinkler Systems, Inc.,* 804 P.2d 161 (Colo.1991). Under that standard, the classification is presumed to be constitutional unless there is proof beyond a reasonable doubt that it bears no rational relationship to a legitimate governmental purpose. *Duran v. Industrial Claim Appeals Office,* 883 P.2d 477 (Colo.1994).

■ If there exists any conceivable set of facts indicating that the classification serves a legitimate governmental purpose, the statute must be upheld even if its application may have harsh results. *Pace Membership Warehouse v. Axelson,* 938 P.2d 504 (Colo. 1997).

In *Ernie Baylog, Inc. v. Industrial Claim Appeals Office,* 923 P.2d 361 (Colo.App.1996), a division of this court upheld the application of the per diem exclusion to payments that were based upon a set amount per mile as opposed to a flat daily rate. In determining that such a payment qualified for exclusion under § 8–40–201(19)(c), C.R.S.1997, the division referred to the legislative history of that statute which showed that it was adopted in part to ease recordkeeping in the trucking industry and yet still permit truckers to claim an expense reimbursement for costs incurred on the road. The cents-per-mile basis commonly utilized in the trucking industry was explained to be a reliable indicator of a per day expense reimbursement because of existing restrictions which limited the number of driving hours per day.

Further, by limiting the exclusion of per diem payments to the presumed daily amount of personal expenses deductible under applicable Internal Revenue Service regulations, any need for recordkeeping is obviated. *See* Rev. Proc. 97–59, 1997–52 I.R.B.31 (setting forth rules under which certain reimbursement arrangements will be deemed equivalent to the actual substantiation of allowable travel expenses).

While not disputing the purposes for the per diem exclusion identified in *Ernie Baylog, Inc. v. Industrial Claim Appeals Office, supra,* claimant nevertheless argues that it is inconsistent to exclude such payments, but not those received for "room and board." He points out that his per diem payments provided him with reimbursement for the costs of showers, meals, and motel rooms incurred while on the road and that these items equate to "room and board."

We acknowledge that generally a worker's average weekly wage should be based on all items of true economic benefit. 5 *Larson's Workers' Compensation Law* § 60.12(a) (1997). The inclusion of non-cash benefits such as "room and board" in § 8–40–201(19)(b) encompasses the recognition that a worker's earnings may be comprised, in significant part, of compensation other than money wages. *See Celebrity Custom Builders v. Industrial Claim Appeals Office,* 916 P.2d 539 (Colo.App.1995).

The intent to calculate benefits based upon the true value of an employee's earnings, as expressed in § 8–40–201(19)(a), cannot be frustrated simply by the label placed upon a particular form of compensation. In this regard, the amount claimed as an expense reimbursement must not exceed a claimant's

actual expense. *Sneath v. Express Messenger*, 881 P.2d 453 (Colo.App.1994).

While the deductibility of a business expense for income tax purposes is not determinative, *Sneath v. Express Messenger, supra*, restricting the exclusion of per diem payments to that excludable from income under the income tax laws and regulations constitutes an attempt to approximate the actual expenses of drivers and other employees who incur out-of-pocket expenses in the performance of their employment. *See Employers Insurance of Wausau v. Polar Express, Inc.*, 780 F.Supp. 610 (W.D.Ark.1991).

Claimant's testimony that the per diem payments were for reimbursement and that his taxable income equaled his "mileage minus the per diem" supported only the conclusion that the per diem payments did not exceed his actual expenses and, therefore, provided no economic benefit.

We view such reimbursable expenses as the type of costs incurred when an employee's job requires travel. This approach not only effectively minimizes the need for recordkeeping, but also ensures that a claimant's actual economic wage will be realized in the calculation of benefits. In contrast, "room and board" expenses represent an economic gain only when they are provided to a stationary employee who is not required, for example, to maintain a separate home.

Consequently, the exclusion of per diem payments does not result in the disparate calculation of wages, but rather, serves to differentiate between payments intended to reimburse the employee for expenses incurred as a result of his employment and those meant to provide economic advantage. We therefore hold there is no violation of equal protection.

The order is affirmed.

BRIGGS and CASEBOLT, JJ., concur.