Bruce ILER, Petitioner,

v.

INDUSTRIAL CLAIM APPEALS OFFICE of the State of Colorado, Raytheon Technical Services Company, and Liberty Mutual Insurance Company, Respondents.

No. 08CA1040.

Colorado Court of Appeals, Div. I.

March 19, 2009.

Law Office of O'Toole & Sbarbaro, P.C., Neil D. O'Toole, Denver, CO, for Petitioner.

No Appearance for Respondent Industrial Claim Appeals Office.

Law Office of Richard P. Myers, David G. Kroll, Denver, Colorado, for Respondents Raytheon Technical Services Company and Liberty Mutual Insurance Company.

Opinion by Judge TAUBMAN.

In this workers' compensation proceeding, Bruce Iler seeks review of the final order of the Industrial Claim Appeals Office (Panel) upholding the denial of his request for an increase in his average weekly wage (AWW) to include room and board. We set the order aside and remand for further proceedings.

I.   Factual and Procedural Background

Iler sustained a compensable back injury while employed at a scientific research station in Antarctica. His permanent impairment was rated at three percent of the whole person. Raytheon Technical Services Company and its insurer, Liberty Mutual Insurance Company (collectively employer) admitted for an AWW based on Iler's weekly salary and the cost of continuing his health insurance coverage. Iler requested an increase in his AWW for the room and board provided by employer while he was working in Antarctica.

Following an evidentiary hearing, the administrative law judge (ALJ) concluded that there was no evidence to support the calculation of a reasonable value for Iler's room and board in Antarctica. The ALJ rejected the evidence Iler introduced regarding his current rent of $550 per month and food costs of $660 per month in Arvada, Colorado, finding that those expenses are based on the market forces of supply and demand and could not be compared to "the artificial society of Antarctica that is devoid of comparable market forces." The ALJ, therefore, denied Iler's

request for an increase to his AWW and the Panel affirmed on review.

## II. Claim for Room and Board

Iler contends that he is entitled by statute to an increase in his AWW for room and board and that the ALJ erred by determining that the absence of comparable market forces in Antarctica precluded him from proving a reasonable sum to support an increase. We agree and remand this matter for a determination of the value of the room and board provided by employer.

### A. Applicable Law

■ Section 8–40–201(19)(b), C.R.S.2008, specifies that "wages" are to include the "reasonable value of board, rent, housing, and lodging received from the employer, the reasonable value of which shall be fixed and determined from the facts by the division in each particular case." The inclusion of non-cash benefits such as "room and board" in § 8–40–201(19)(b) encompasses the recognition that a worker's earnings may comprise, in significant part, compensation other than money wages. *Young v. Indus. Claim Appeals Office,* 969 P.2d 735, 737 (Colo.App. 1998).

■ A claimant must prove both the right to an increase in the AWW for room and board and a factual basis to support the determination of a reasonable value for such benefits. Section 8–43–201, C.R.S.2008 (claimant has burden of proving entitlement to benefits by a preponderance of the evidence); *Lutz v. Indus. Claim Appeals Office,* 24 P.3d 29, 31 (Colo.App.2000) (it is claimant's burden to prove entitlement to benefits). The reasonable value of housing and food is a question of fact and will vary depending on the available evidence and a multitude of circumstances which may affect the possible costs of the benefits. *W. Cultural Res. Mgmt., Inc. v. Krull,* 782 P.2d 870, 871 (Colo.App.1989).

■ This court reviews wage calculations under an abuse of discretion standard, and unless the calculation exceeds the bounds of reason, it must be upheld. *Avalanche Indus., Inc. v. Indus. Claim Appeals Office,* 166 P.3d 147, 153 (Colo.App.2007), *aff'd,* 198 P.3d 589 (Colo.2008).

### B. Erroneous Findings

■ In finding that Iler presented no evidence regarding the value of room and board and that he did not meet his burden of proof, the ALJ ignored the circumstantial evidence introduced by way of his testimony. Not only did Iler testify that he received room and board from employer in Antarctica, but he also stated that his living conditions and food in Arvada were similar to the room and board provided to him in Antarctica and that his costs for room and board in Arvada were, therefore, similar to the value of room and board in Antarctica. We conclude that the ALJ's findings to the contrary were clearly erroneous and that the ALJ abused his discretion in denying Iler's claim for an increase in his AWW.

Therefore, we also hold that the Panel erred by affirming the determination that Iler did not meet his burden of proof and concluding that the ALJ, instead of refusing to consider replacement cost, simply rejected that evidence as unpersuasive.

### C. Adequacy of the Evidence

■ The mandate in section 8–40–201(19)(b) to include the cost of room and board does not require direct proof of actual cost or market value, and it does not exclude replacement cost as a viable measure. Indeed, a division of this court recognized that the replacement cost of medical insurance may be considered by an ALJ in determining a claimant's AWW. *State Compensation Insurance Authority v. Smith,* 768 P.2d 1256, 1258 (Colo.App.1988), *superseded by statute,* § 8–40–201(19)(b), *as recognized in Humane Society v. Indus. Claim Appeals Office,* 26 P.3d 546, 549 (Colo.App.2001).

In that regard, when Iler testified about the replacement value of room and board, based on his expenses in Arvada, employer's counsel did not cross-examine him to elicit any evidence that his lodging in Arvada was more spacious or luxurious than the "dormitory style quarters" in Antarctica, that the food he consumed in Arvada was superior to

and more expensive than his meals at the research station, or that his current living situation differed in any other significant respect. Iler also testified that he took the job in Antarctica because of the fringe benefits of free room and board offered by employer and that such benefits had a "huge impact" on his decision to accept the position because "normally people don't go to the other side of the world to work for $11 an hour."

The ALJ's finding that the cost of room and board in Arvada was legally insufficient to show the value of the room and board in Antarctica was tantamount to a pronouncement that the replacement value of room and board cannot be an acceptable measure of reasonable value for purposes of determining the AWW. As Iler argues, the only plausible meaning to be derived from the ALJ's order is that the cost of room and board may never be included in a claimant's AWW despite the statutory mandate when such benefits are provided in an "artificial" community because the benefits have no real economic value or a reasonable value cannot be established. We disagree.

Although the ALJ's conclusion that there is no *market* value for room and board in Antarctica may be correct, it does not follow that there can be no value for the room and board. Rather, Iler's undisputed evidence, albeit circumstantial, establishes a prima facie case and leads to a reasonable inference that the room and board provided by employer had some value. *See Monday v. Robert J. Anderson, P.C.,* 77 P.3d 855, 856 (Colo.App. 2003) (prima facie case is defined as "the evidence necessary to require defendant to proceed with his case" (quoting *E.E.O.C. v. Avery Dennison Corp.,* 104 F.3d 858, 861 (6th Cir.1997)) ); *Rockwell Int'l v. Turnbull,* 802 P.2d 1182, 1184 (Colo.App.1990) (once party with initial burden of proof makes a prima facie case, the burden of going forward shifts to the opposing party to rebut the prima facie case or establish the claim lacks merit). Thus, while Iler might have presented more complete evidence of the value of his room and board in Antarctica, the record demonstrates that he received room and board and is entitled to have some value included in his AWW for those items.

We conclude, therefore, that the ALJ's assignment of zero economic value to Iler's room and board exceeded the bounds of reason and likewise constituted an abuse of discretion. *Avalanche Indus.,* 166 P.3d at 153; cf. *Peterson v. Tadolini,* 97 P.3d 359, 363 (Colo.App.2004) (jury award of zero noneconomic damages overturned where economic damages were awarded, reasonableness and necessity of the plaintiff's medical treatment were not disputed, and plaintiff's pain and physical restrictions were amply corroborated).

We note that Panel decisions are not binding legal precedent on this court, *Olivas–Soto v. Indus. Claim Appeals Office,* 143 P.3d 1178, 1180 (Colo.App.2006), and, thus, we are not required to follow an earlier Panel decision relied on by the ALJ and the Panel in this case that also involved an employee who worked for Raytheon in Antarctica. In any event, the Panel decision relied upon by the ALJ did not address whether an Antarctica employee could present evidence based on the replacement value of food and lodging.

Accordingly, on remand, the ALJ is required to determine a reasonable value of Iler's room and board for inclusion in his AWW. In the exercise of his discretion, the ALJ may, but is not required to, accept Iler's asserted values of the room and board he received in Antarctica.

The order is set aside and the case is remanded to the Panel for remand to the ALJ to enter additional findings as directed.

Judge ROMÁN and Judge LICHTENSTEIN concur.