No. 23582.

Morgan County Junior College District; Marian Lockwood as Superintendent of Schools, Morgan County; Bertha Heid, as Superintendent of Schools, Adams County; Paul N. Lodwick, as Superintendent of Schools, Weld County; and Ruth Higinbotham, as Superintendent of Schools, Washington County *v.* Charles L. Jolly.

(452 P.2d 34)

Decided March 24, 1969.     Rehearing denied April 14, 1969.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, John E. Bush, Assistant, E. Ord Wells, Doyle T. Johns, Jr., for plaintiffs in error.

John W. Lentz, Albert W. Gebauer, for defendant in error.

*En Banc.*

Mr. Justice Hodges delivered the opinion of the Court.

This case concerns the constitutionality of the 1967

statute creating the Morgan County Junior College District, subject to approval by electors of the district. Colo. Sess. Laws 1967, ch. 241 (Senate Bill 405). This statute will be referred to as Senate Bill 405.

The parties appear here in reverse order from their alignment in the trial court. The plaintiffs in error, who were defendants below, seek reversal of the trial court's judgment that Senate Bill 405 is unconstitutional.

The main provisions of Senate Bill 405 are as follows:

(1) The Morgan County Junior College District is created, subject to approval by the electors of the district.

(2) The District is comprised of 5 school districts located in 4 different counties.

(3) A District organization election is required to be held, with a favorable majority vote being necessary to establish the District.

(4) The objects of the junior college are "to provide and offer educational programs to meet the occupational needs of youth and adults in technical and vocational fields and to provide two-year transfer educational programs to qualify students for admission to the junior year at colleges and universities."

(5) If the District's electors approve establishment of the junior college, then the general statutory provisions relating to junior colleges, Article 23 of Chapter 123, C.R.S. 1963, as amended, are applicable to the Morgan County Junior College District.

The election was held, and the electors approved the organization of the Morgan County Junior College District by a favorable vote of more than 2 to 1.

This writ of error stems from a suit which sought to nullify the establishment of the Morgan County Junior College on two grounds:

(1) That the District organization election was invalid; and,

(2) That Senate Bill 405 is unconstitutional.

The trial court upheld the validity of the election, but declared that Senate Bill 405 is unconstitutional.

## I.

Article 23 of Chapter 123, C.R.S. 1963, originally enacted in 1937 and subsequently amended, is the general law relating to the establishment of junior colleges. Senate Bill 405, enacted in 1967, is a special law providing solely for the establishment of the Morgan County Junior College. Colo. const., art. V, § 25, prohibits special laws in certain specific cases and, "In all other cases where a general law can be made applicable. . . ."

The trial court concluded that none of the specific prohibitions against special laws enumerated in art. V, § 25, are applicable to the instant case, and we agree with that conclusion. The sole question raised, therefore, is this: Was the existing general junior college law applicable, within the intendment of art. 5, § 25 of the Colorado constitution, so as to preclude valid enactment of the special law, Senate Bill 405?

It is for the legislature, and not the court, to make the initial answer to this question. Although there is divergent precedent in Colorado on the issue posed by this writ of error, we now resolve that divergency. We declare the applicable rule in this jurisdiction to be as follows: Whether a general law cannot be made applicable, so as to permit thereby a special law, is a discretionary determination to be made by the legislature, which is not reviewable by the court unless a palpable abuse of discretion is shown. This is the view espoused in *Carpenter v. People*, 8 Colo. 116, 5 P. 828, *Coulter v. Routt County*, 9 Colo. 258, 11 P. 199, and *McClain v. People*, 111 Colo. 271, 141 P.2d 685. To the extent that they conflict with the above stated rule, *Brown v. City of Denver*, 7 Colo. 305, 3 P. 455 and *Rhinehart v. Denver and Rio Grande R.R. Co.*, 61 Colo. 369, 158 P. 149 are hereby overruled.

We have here adopted the modern view. *2 Sutherland, Statutory Construction, § 2103 (3d ed.)*. We conceive it to be fairer and more reasonable than the inflexible rule that the legislative determination of the inapplica-

bility of a general law is conclusive. Such inflexibility is neither practical for dealing with unforeseen exigencies, nor consonant with justice, In support of our holding that the necessity for a special law is within the legislative discretion, subject to court interference only upon a showing of clear abuse, we adopt the rationale of Mr. Justice Cardozo in *Williams v. Mayor and City Council of Baltimore*, 289 U.S. 36, 53 S.Ct. 431, 77 L.Ed. 1015: "Time with its tides brings new conditions which must be cared for by new laws. Sometimes the new conditions affect the members of a class. If so, the correcting statute must apply to all alike. Sometimes the new conditions affect one only or a few. If so the correcting statute may be as narrow as the mischief ... The problem in last analysis is one of legislative policy, with a wide margin of discretion conceded to the lawmakers. Only in cases of plain abuse will there be revision by the courts. ... If the evil to be corrected can be seen to be merely fanciful, the injustice or the wrong illusory, the courts may intervene and strike the special statute down ... If special circumstances have developed, and circumstances of such a nature as to call for a new rule, the special act will stand."

■■ We have carefully reviewed the record in the instant case and find no showing of an abuse of legislative discretion, either palpable or otherwise. We therefore hold that there is no basis in law for a judicial declaration that Senate Bill 405 contravenes Colo. const. art. V, § 25, and that the presumption of constitutionality prevails.

## II.

In making our determination in this case, we are not unmindful of the following contentions of the plaintiffs in error:

(1) That the trial court erred in imposing upon plaintiffs in error, defendants below, the burden of proving that the legislature had properly exercised its discretionary authority; and,

(2) That the trial court erred in rejecting the exhibits

proffered by plaintiffs in error to show that administrative action had blocked applicability of the general law.

We agree with both contentions and deem it necessary to briefly comment on these errors.

■■ The burden of proving that Senate Bill 405 was not an abuse of the legislative discretion was tantamount to imposing the burden of proving constitutionality upon the party upholding the statute. This is plainly erroneous. These are well-established principles of constitutional law: (1) A duly enacted statute is presumptively constitutional; (2) The party attacking its validity carries the burden of proof; and, (3) Such party must establish clearly and beyond a reasonable doubt that the statute is unconstitutional. *Flank Oil Co. v. Tennessee Gas Transmission Co.*, 141 Colo. 554, 349 P.2d 1005; *Thiele v. City and County of Denver*, 135 Colo. 442, 312 P.2d 786; *Mosko v. Dunbar*, 135 Colo. 172, 309 P.2d 581; *Eachus v. People*, 124 Colo. 454, 238 P.2d 885, *appeal dismissed*, 342 U.S. 938, 72 S.Ct. 562, 96 L.Ed. 698; *Gettman v. Board of Commissioners of Morgan County*, 122 Colo. 185, 221 P.2d 363.

The trial court excluded as exhibits letters from the State Board of Education which showed that, *prior to enactment of Senate Bill 405*, the Board had rejected the proposal for establishing a junior college in Morgan County under the general law. Plaintiffs in error made a proper offer of proof with respect to these exhibits, which are incorporated in the record. We deem it proper under these circumstances to comment upon the content and import of the letters. 5 C.J.S. *Appeal and Error*, § 1490; *Koon v. Sampson*, 61 Wyo. 498, 159 P.2d 366.

The *general* junior college law prescribes two criteria for the State Board of Education's approval or disapproval of the formation of a junior college district. The proposed district must have an assessed valuation of at least 60 million dollars and at least 400 students in the 12th grade. The trial court admitted evidence showing that the proposed Morgan County Junior College District

met these criteria at the time application was made to the Board. The State Board of Education withheld its approval, without mention of *existing* statutory criteria. Instead, the Board declared a moratorium on approving any new junior colleges, because it was formulating new criteria to present to the legislature.

We view this administrative policy to be an unwarranted frustration of the legislative intent. The legislative mandate cannot be ignored and set for naught by the device of an administrative moratorium. And the unfortunate applicant was left in limbo, without an appealable ruling of disapproval. Patently, Senate Bill 405 was necessary to meet the exigency created by the State Board of Education, and hence, was not within the constitutional prohibition that no special law can be enacted where a general law can be made applicable. 82 C.J.S. *Statutes* § 157; 50 Am. Jur., *Statutes* § 56. The rejected exhibits would have established the propriety of, and indeed the compulsion for, the legislative determination that the general junior college law could not be made applicable to the Morgan County Junior College District.

For the reasons herein stated, Senate Bill 405, enacted Colo. Sess. Laws 1967, ch. 241, is declared to be constitutional, and we therefore, reverse the trial court's judgment.

Judgment reversed.