## No. C-20.

MANUEL KINTERKNECHT *v.* INDUSTRIAL COMMISSION OF
COLORADO, IDARDO MINING COMPANY, EMPLOYER, AND
STATE COMPENSATION INSURANCE FUND, INSURER.

(485 P.2d 721)

Decided June 1, 1971.

HAAS & WATTS, WILLIAM L. WATTS, for plaintiff-appellant.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, PETER L. DYE, Assistant, for defendant-appellee Industrial Commission of Colorado.

HAROLD CLARK THOMPSON, ALIOUS ROCKETT, FRANCIS L. BURY, FEAY BURTON SMITH, JR., for defendants-appellees Idardo Mining Company and State Compensation Insurance fund.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

INVOLVED here is an appeal by claimant Kinterknecht from an order of the Industrial Commission awarding him $13,950 for permanent and total disability from silicosis under the Occupational Disease Act, C.R.S. 1963, 81-18-2, *et seq.* as amended. Claimant contends that he is entitled to an award of $16,980.25. The matter was appealed directly to the court of appeals as provided for by 1969 Perm. Supp., C.R.S. 1963, 81-14-8. As authorized by C.A.R. 50, this court granted certiorari prior to judgment by the court of appeals on the ground that the constitutionality of a statute was at issue in this appeal.

The parties by stipulation, approved by the referee who made the award, agreed that claimant became totally and permanently disabled from the disease of silicosis commencing on June 1, 1968. Claimant's exposure to silicon dioxide was during the period of over fifteen years while an employee of Idarado Mining Company, at Ouray, Colorado. Prior to this employment, the claimant worked for Shenandoah Dives at Silverton, Colorado where he was also exposed to silicon dioxide. The referee awarded plaintiff a total aggregate amount of $13,950 for this permanent total disability. Although the basis for the award is not stated in the referee's order, the briefs before us state, and we agree, that the basis for the amount of this award is the so-called "escalator clause" contained in

C.R.S. 1963, 81-18-16, which will be explained more fully later in this opinion.

Before stating the specific issues raised by plaintiff, a brief history of the pertinent statutes is necessary.

In 1945, the legislature enacted the "Colorado Occupational Disease Disability Act," (hereinafter called the "Act") Colo. Sess. Laws 1945, ch. 163. This Act supplemented the already existing Workmen's Compensation Act by providing compensation for certain employees who became disabled by one of the listed occupational diseases. Twenty-one listed occupational compensable diseases were under the original Act, one of which was silicosis. Section 14 of the Act provided that an employee entitled to compensation under the Act should in the case of total disability not receive in excess of $4,375 except in the *case of silicosis* or asbestiosis. Section 16 of the Act (the "escalator clause") provided that there should be *no compensation for partial disability from silicosis* or asbestiosis and that *compensation for total disability from silicosis* or asbestiosis *should be payable at a maximum aggregate amount of $500* on January 1, 1946, *which total aggregate amount shall increase at the rate of $50 per month* each month after January 1, 1946 until it equals the total aggregate maximum amount set forth in Section 14 for all other occupational diseases. When the amount in Section 16 equaled the amount in Section 14, then the compensation for silicosis would be the same as for the other occupational diseases covered by Section 14.

Section 14 was amended in 1951 to provide a maximum aggregate amount of $8,764 instead of the original $4,375 amount. Colo. Sess. Laws 1951, ch. 220. Further amendments in 1953, 1955, 1957, 1959, 1963, 1965, 1967 and 1969 have increased the maximum aggregate award amount in Section 14 to $18,623.50. Since plaintiff's claim arises as of June 1, 1967, we are concerned only with the maximum aggregate award in Section 14 at that time, *viz.*, $16,980.25.

## I.

Plaintiff first argues that the order of the referee should have stated that plaintiff "was permanently and totally disabled from silicosis and such disability commenced June 1, 1968." Since the referee's order incorporates by reference the stipulation, referred to *supra,* entered into by the parties, the order in effect states what plaintiff argues that it fails to state. Although we find no error in this regard, we suggest that it is better practice to specify in such orders the operational essentials of the order rather than incorporating them by reference to stipulations or other documents.

## II.

Plaintiff next argues that Section 16 of the Act has been impliedly repealed because the legislature intended only that the $500 compensation in Section 16 accumulate at $50 per month beginning in February 1946 until it reached the original Section 14 amount of $4,375. This transitory period would have been 77½ months. However, due to the construction given the statute by the Industrial Commission, the Section 16 amount must cumulate until it reaches the *amended* amount in Section 14. As of June 1, 1967, Section 14, as amended, limited compensation for occupational disease (permanent total disability) to $16,980.25. As of the same date, the amount in Section 16 had only "escalated" to $13,950, the same amount awarded to plaintiff.

We find no merit in this argument in light of the fact that Section 16 of the Act was amended by the legislature in 1961 to limit compensation for the occupational disease of anthracosis in the same way that it limits compensation for silicosis. Colo. Sess. Laws 1961, ch. 165, section 9. This amendment came almost ten years after plaintiff's argued transitory period of 77½ months would have expired and is indicative of the intent of the legislature to treat Section 16 as being very much "alive" and not impliedly repealed. Finding no basis in plaintiff's arguments regarding statutory construction on implied

repeal of Section 16 of the Act, we proceed to the constitutionality issue presented by the claimant.

### III.

Plaintiff's briefs seem to argue that Section 16 of the Act was unconstitutional when enacted and is now, or alternatively, that if Section 16 was originally a valid legislative act, it has ceased to be valid because of "changed circumstances, the passage of time and the inclusion [in the Act by amendment] of other diseases as occupational diseases" without imposition of a transitory period.

 It is axiomatic that one who attacks the constitutionality of a statute must sustain the burden of showing beyond a reasonable doubt that the law is unconstitutional. This is no more than to say that there is a strong presumption in favor of the constitutionality of the legislative action. *Colorado Chiropractic Ass'n v. State,* 171 Colo. 395, 467 P.2d 795; *Morgan County Junior College Dist. v. Jolly,* 168 Colo. 466, 452 P.2d 34.

In 1951, this court in *Industrial Comm. v. Alspaugh,* 124 Colo. 321, 236 P.2d 1081, discussed the "escalator clause," the rationale behind it, and the construction to be afforded to it. The constitutionality of the "escalator clause" was not discussed or determined in *Alspaugh,* nor was its constitutionality discussed or determined in *Industrial Comm. v. Rowe,* 162 Colo. 248, 425 P.2d 274, or *Colorado Corp. v. Alitto,* 130 Colo. 130, 273 P.2d 725. Our research shows that these are the only cases in which the "escalator clause" has been the subject of discussion by this court.

Only one state, to our knowledge, has ruled upon the constitutionality of a legislative scheme which serves to distinguish silicosis from other occupational diseases and which affords more limited benefits for employees afflicted with silicosis than for employees afflicted with other compensable occupational diseases. *See McDaniel v. Campbell, Wyant & Cannon Foundry Co.,* 367 Mich. 356, 116 N.W.2d 835.

In *McDaniel,* the rationale set forth in justification of

the unique statutory treatment of silicosis is: First, that without strict limitation of the benefits, the insurance cost on the few industries wherein silicosis is contracted would be prohibitive and would drive these industries out of business because of the great number of claims. Secondly, that average costs for silicosis treatment run far higher than in other compensation cases involving occupational disease. Third, that workers affected by silicosis are more readily employable in other occupations where there is no exposure to dust than are workers suffering from other compensable occupational diseases. *See also Gauthier v. Campbell, Wyant & Cannon Foundry Co.,* 360 Mich. 510, 104 N.W.2d 182.

■ The standard to be used in testing the constitutionality of a legislative classification under Colo. Const. art. V, § 25 and U.S. Const. amend XIV is that the classification must have some reasonable basis and that if any state of facts reasonably can be conceived which would sustain the classification, there is a presumption of the existence of that state of facts, unless rebutted by common knowledge, judicial notice or other legitimate proof. *Borden's Co. v. Baldwin,* 293 U.S. 194, 55 S.Ct. 187, 79 L.Ed. 281; *Lindsley v. Natural Carbonic Gas Co.,* 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369; *Love v. Bell,* 171 Colo. 27, 465 P.2d 118; *Morgan County Junior College Dist. v. Jolly, supra; Mountain States Tel. and Tel. Co. v. Animas Mosquito Control Dist.,* 152 Colo. 73, 380 P.2d 560.

The present statute, C.R.S. 1963, 81-18-16, unlike the previous Section 16 of the (original) Act, *supra,* does not disallow compensation for permanent partial disability from silicosis but, in fact, compensates for permanent partial disability from silicosis as for any other occupational disease under the provisions of the Act. Only permanent and total disability from silicosis is presently limited by C.R.S. 1963, 81-18-16. This differentiation between permanent partial and permanent total disability from silicosis brings forth some wonderment as to what may have been the reasonable basis for this classification.

A similar statement can also be made as to why there presently exists in the Act a different and lower compensation for total permanent silicosis disability than for total permanent disability caused by other covered occupational diseases.

█ The foregoing observations make up the prologue to our refusal to rule on the constitutionality of Section 16 of the Act (the escalator clause). As noted previously, we are considering this case upon a direct appeal from an order of the Industrial Commission. This order was premised on a stipulation between the claimant and the Industrial Commission. The stipulation resolved the fact issue about the claimant's total permanent disability due to silicosis. In this posture, as a reviewing court, we hold that the constitutional challenge based upon a classification without a valid or reasonable basis is not properly before us.

█ As stated previously, one who attacks the constitutionality of a legislative enactment has the burden of showing beyond a reasonable doubt that the law is unconstitutional. Where the constitutionality of a statute, under which an administrative agency acts, is challenged, the administrative agency cannot pass upon its constitutionality. That function may be exercised only by the judicial branch of government. In our view, legal argument alone in this case will not suffice to prove that the classification here lacks validity and a reasonable basis. It was necessary for the claimant here to endeavor to demonstrate by evidence that the statute is unconstitutional. The proper forum for this is the district court, where a declaratory judgment action can be initiated by him.

The order of the Industrial Commission is affirmed.