**The STUART–JAMES COMPANY, INCORPORATED, Petitioner,**

v.

**The DIVISION OF EMPLOYMENT AND TRAINING, the Industrial Claim Appeals Office of the State of Colorado, and Department of Labor and Employment, Respondents.**

No. 90CA0430.

Colorado Court of Appeals, Div. II.

March 14, 1991.

Hart & Trinen, Donald T. Trinen, Christa D. Taylor, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Karen Maldonado, Asst. Atty. Gen., Denver, for respondents.

Opinion by Judge JONES.

Stuart–James Company, Inc., seeks review of a final order of the Industrial Claim Appeals Office (Panel) which deter-

mined that Denise Christensen and all other similarly-situated securities salespersons are in covered employment pursuant to § 8–70–103(10)(a), C.R.S. (1986 Rep.Vol.3B), then in effect, for unemployment compensation tax liability purposes. We affirm in part and set aside in part.

On August 2, 1988, the Division of Employment and Training issued a tax liability determination in which it was held that Christensen and all other similarly-situated securities salespersons were in covered employment under § 8–70–103(10)(a) for unemployment tax liability purposes. Stuart–James protested the determination, which was considered in a hearing on July 12, 1989.

Prior to the hearing, Stuart–James advised the hearing officer by letter that it intended to raise an equal protection argument concerning the application of § 8–70–103(10)(a). The basis of its argument was that securities salespersons were similarly situated to real estate salespersons and insurance agents and that, therefore, the grant to real estate salespersons and insurance agents of an exemption from covered employment and not to securities salespersons was a denial of equal protection to securities salespersons. Stuart–James stated that it desired to present testimony from a real estate agent and an insurance agent to show that securities salespersons were similarly situated to the exempted groups.

The hearing officer declined to allow the proposed testimony on the ground that hearing officers lack authority to rule on these types of constitutional issues, but suggested that Stuart–James, to preserve the issue, make an offer of proof and present written argument on the issue. Prior to the hearing, Stuart–James submitted a written offer of proof and argument by letter.

At the hearing, the hearing officer again declined to hear testimony on the equal protection issue, but accepted Stuart–James' written offer of proof. After hearing testimony, the hearing officer concluded that the securities salespersons were in covered employment pursuant to § 8–70–103(10)(a). Stuart–James appealed the order.

The Panel affirmed the hearing officer's order on the issue of the covered employment of the securities salespersons. It further concluded that, based on Stuart–James' offer of proof, the case of *In re Claim of Woloson*, 796 P.2d 1 (Colo.App. 1989) was dispositive of the equal protection argument.

■ Stuart–James contends that the hearing officer erred in not allowing it to present testimony on its equal protection challenge and in restricting it to its offer of proof on the issue. Accordingly, relying on *Kinterknecht v. Industrial Commission*, 175 Colo. 60, 485 P.2d 721 (1971), it asserts that remand for the presentation of evidence on its equal protection argument is required. We agree in part and disagree in part.

Contrary to Stuart–James' contention, we construe *Kinterknecht v. Industrial Commission, supra,* to require that when a party in an unemployment case challenges the constitutionality of a statute under which a hearing officer or the Panel acts, and the party making such challenge requires the opportunity to present evidence to meet its burden of proof, then the appropriate forum in which to raise such issue is the district court, by an action in the nature of declaratory judgment or other appropriate remedies. *See Hiller v. Real Estate Commission*, 627 P.2d 769 (Colo.1981) (fn. 5); *Stevenson v. Industrial Commission*, 190 Colo. 234, 545 P.2d 712 (1976).

As evidenced by the citation to the *Kinterknecht* case in *Industrial Commission v. Board of County Commissioners*, 690 P.2d 839 (Colo.1984), the fact that the constitutional issue must be raised in the appeal to this court does not modify the requirement that an evidentiary hearing be conducted in the district court. *See Clasby v. Klapper*, 636 P.2d 682 (Colo.1981) (fn. 6) (constitutional challenge must be raised in the district court).

■ Here, Stuart–James is in the same posture as the claimant in *Kinterknecht.*

Consequently, Stuart–James may not proceed with its constitutional challenge before the hearing officer and the Panel, but must file a separate declaratory judgment, or other action, in district court for a determination of the constitutionality of the statutory sections in issue. Hence, remand to the hearing officer is not warranted.

The portion of the Panel's order holding that Diane Christensen and all other similarly-situated securities salespersons are in covered employment pursuant to, and based upon, § 8–70–103(10)(a) is affirmed, and that portion of the Panel's order which purported to determine Stuart–James' equal protection argument is set aside.

SMITH, J., concurs.

RULAND, J., dissents.

Judge RULAND, dissenting.

I respectfully dissent from that part of the majority holding which sets aside the Panel's disposition of the equal protection argument.

I recognize that our supreme court in *Kinterknecht v. Industrial Commission*, 175 Colo. 60, 485 P.2d 721 (1971) held that the proper forum for presentation of evidence in support of an equal protection challenge is the district court in conjunction with a declaratory judgment action. However, if, as here, that issue may be determined based upon the record before the administrative tribunal, in my view, the better approach is for an appellate court to do so. *See Lucchesi v. State*, 807 P.2d 1185 (Colo.App.1990).

Indeed, both our supreme court and this court have proceeded to do so both in workers' compensation proceedings, *see Higgs v. Western Landscaping & Sprinkler Systems, Inc.*, 804 P.2d 161 (Colo.1991); *Floyd v. AMF Tuboscope, Inc.*, 817 P.2d 534 (Colo.App.1990), and in unemployment compensation proceedings. *See Miller v. Industrial Commission*, 173 Colo. 476, 480 P.2d 565 (1971); *Getts v. Industrial Claim Appeals Office*, 804 P.2d 282 (Colo.App. 1990).

Resolution of the constitutional claim in such a manner promotes judicial economy, allays unnecessary delay and expense to the parties, and avoids duplicitous presentation of similar evidence in separate forums.

This procedure also avoids pitfalls for the unwary who might assume both that the constitutional issue need not be raised in connection with the appeal from the Panel's order, *see Industrial Commission v. Board of County Commissioners*, 690 P.2d 839 (Colo.1984) (fn. 6) and that the declaratory judgment action can always be filed after final resolution of the administrative proceeding. *See Clasby v. Klapper*, 636 P.2d 682 (Colo.1981).

I also agree with the Panel that, based upon the offer of proof by Stuart–James, *In re Claim of Woloson*, 796 P.2d 1 (Colo. App.1989) is dispositive of the equal protection claim. In that case, which was also resolved based upon the record made in the administrative proceeding, this court determined that the difference in regulatory schemes for real estate brokers and securities salesmen supported different classifications for unemployment compensation purposes. Thus, I would affirm the Panel's order in all respects.