James W. NYE, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO; City of Fort Collins; and Subsequent Injury Fund, Respondents.

No. 94CA0113.

Colorado Court of Appeals, Div. IV.

Sept. 8, 1994.

Joseph O'Brien, Fort Collins, for petitioner.

No appearance for respondent Indus. Claim Appeals Office.

Fischer, Brown, Huddleson & Gunn, P.C., Stephen J. Jouard, Fort Collins, for respondent City of Fort Collins.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., James E. Martin, Jr., Asst. Atty. Gen., Denver, for respondent Subsequent Injury Fund.

Opinion by Judge HUME.

James W. Nye seeks review of a final order of the Industrial Claim Appeals Panel allowing the employer, City of Fort Collins, and the Subsequent Injury Fund (respondents) to offset the claimant's workers' compensation benefits by amounts paid to him under the City's pension plan. We affirm the order.

The essential facts are undisputed. The Administrative Law Judge (ALJ) found that claimant was permanently and totally disabled as a result of an industrial injury which

occurred on October 5, 1989, and was consequently entitled to permanent total disability benefits. At the time of the hearing, claimant was receiving social security retirement payments and retirement benefits from a pension plan completely funded by the city.

Relying upon the statutory provision now codified at § 8–42–103(1)(c)(II)(B), C.R.S. (1993 Cum.Supp.), the ALJ determined that respondents were entitled to offset claimant's permanent total disability benefits by one-half the amount of claimant's social security retirement benefits and by the amount of claimant's city pension. The Panel affirmed the order on review, although it declined to address claimant's assertion that the offset is unconstitutional, concluding it lacked jurisdiction to decide the question.

■ Claimant contends that the statutory offset should be construed to apply only to non-vested retirement benefits. He asserts that, since his retirement pension was vested on the effective date of the statutory amendment allowing the offset, the provisions of Colo. Const. art. II, § 11 prohibit *ex post facto* application of the offset. We do not agree.

In 1989, the General Assembly enacted the provision now codified as § 8–51–101(1)(c)(II)(B), C.R.S. (1993 Cum.Supp.) to include an offset to permanent total disability benefits "by an amount determined as a percentage of the employer-paid retirement benefits...." The amendment became effective July 1, 1989, and was expressly made applicable to all claims for injuries occurring on or after that date. *See* Colo.Sess.Laws 1989, ch. 67, § 8–51–101(1)(c)(II)(B) at 412 and 415.

■ We initially note that one who attacks the constitutionality of a legislative enactment bears the burden to show beyond a reasonable doubt that the law is unconstitutional. *Kinterknecht v. Industrial Commission*, 175 Colo. 60, 485 P.2d 721 (1971). When construing a statute, its terms must be given their plain meaning in order to discern legislative intent. *Charlton v. Kimata*, 815 P.2d 946 (Colo.1991).

■ A law is illegally retrospective under Colo. Const. art. II, § 11, if it " 'takes away

or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability to transactions or considerations already past....' " *Jefferson County Department of Social Services v. D.A.G.*, 199 Colo. 315, 607 P.2d 1004 (1980).

■ Substantive statutes create, eliminate, or modify vested rights or liabilities, and in general may only permissibly operate prospectively. *People v. D.K.B.*, 843 P.2d 1326 (Colo.1993).

■ A right is vested only when it is not dependent upon the common law or the statute under which it was acquired for its assertion, but has an independent existence. To be vested, a right must consist of more than a mere expectation based on the anticipation of the continuance of a legal status, and in the usual case, no person has a vested right in any rule of law entitling that person to insist it shall remain unchanged for his or her future benefit. *See People v. D.K.B.*, *supra*, (Kirshbaum, J., concurring); *Johnson v. Continental West, Inc.*, 99 Wash.2d 555, 663 P.2d 482 (1983).

■ The statutory scheme providing compensation for those who suffer industrial injuries or diseases is an exercise of the state's police power. *School District No. 1 v. Industrial Commission*, 66 Colo. 580, 185 P. 348 (1919). The General Assembly may determine the extent and applicability of claims under that statutory scheme, unless some other legal or constitutional bar otherwise limits the exercise of its discretion, and may change the pre-existing state of the law in the furtherance of its legislative powers. *See Allee v. Contractors, Inc.*, 783 P.2d 273 (Colo. 1989); *Reynolds v. Industrial Claim Appeals Office*, 794 P.2d 1080 (Colo.App.1990).

■ There is no constitutionally protected civil right in workers' compensation benefits. *Tomsha v. City of Colorado Springs*, 856 P.2d 13 (Colo.App.1992). Statutory benefits created or allowed under the workers' compensation scheme exist only to the extent allowed and intended by applicable statutes, and legislation prospectively limiting or rescinding benefits does not deprive persons of

constitutionally protected property interests. *Wood v. Beatrice Foods Co.*, 813 P.2d 821 (Colo.App.1991).

Here, the statute at issue expressly and unambiguously applies to injuries occurring subsequent to the effective date of the amendment, and it operates to allow an offset for employer funded retirement payments against workers' compensation benefits. In no way does the statute purport to modify, reduce, or otherwise affect claimant's entitlement to retirement benefits, whether vested or not. Claimant will receive his retirement, and the statute does not prohibit the receipt of those benefits. *See Rosa v. Warner Electrical Contracting*, 870 P.2d 1210 (Colo.1994).

■ The rights and liabilities of the parties are determined by the statute in effect at the time of claimant's injury. *Kinninger v. Industrial Claim Appeals Office*, 759 P.2d 766 (Colo.App.1988). The statute at issue here did not retrospectively alter claimant's substantive rights, and under these circumstances, claimant cannot insist upon preservation of prior law in order to satisfy his expectation of future benefits.

The order is affirmed.

DAVIDSON and PIERCE,* JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1993 Cum.Supp.).