**CELEBRITY CUSTOM BUILDERS
and CNA Insurance Company,
Petitioners,**

v.

**The INDUSTRIAL CLAIM APPEALS OF-
FICE OF THE STATE OF COLORADO
and Richard J. Rapp, Jr., Respondents.**

**No. 94CA1937.**

Colorado Court of Appeals,
Div. V.

June 15, 1995.

As Modified on Denial of Rehearing
Oct. 12, 1995.

Certiorari Denied April 22, 1996.

**540**

White & Steele, P.C., John M. Lebsack, Denver, for petitioners.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Jeannette Walker Kornreich, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

Peter E. Morgan, Denver, for respondent Richard J. Rapp, Jr.

Opinion by Judge ROTHENBERG.

The sole issue in this appeal is whether, in determining "wages" for purposes of workers' compensation benefits, the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001, et seq. (1988) preempts § 8–40–201(19), C.R.S. (1994 Cum.Supp.). We hold that there is no preemption and, therefore, affirm the Panel's order.

The Administrative Law Judge (ALJ) found that claimant, Richard J. Rapp, Jr., suffered an admitted work-related injury in October 1992 and awarded him temporary total benefits of $266.67 per week, based upon an average weekly wage of $400. Claimant's benefits were later suspended because he refused an offer of employment within his restrictions. Thereafter, claimant was terminated from his employment and his health insurance benefits were discontinued.

When claimant's condition later required surgery, his temporary total benefits were resumed at the same rate. However, he sought an increase in the amount determined to be his average weekly wage and corresponding temporary total benefits, based upon the cost to him, after termination, of continuing his health insurance coverage. If such cost were included, claimant's average weekly wage would be increased to $507.24.

Such a change in benefits reflects an application of § 8–40–201(19), which provides:

> The term wages shall include the amount of *the employee's cost of continuing the employer's group health insurance plan, and* upon termination of the continuation, the *employee's cost of conversion to a similar or lesser insurance plan, . . . .* If, after the injury, the employer continues to pay any *advantage or fringe benefit . . . including the cost of health insurance coverage or the cost of the conversion of such health insurance coverage, such advantage or benefit* shall not be included in the determination of the employee's wages so long as the employer continues to make such payment. (emphasis added)

At the hearing before the ALJ, petitioners, Celebrity Custom Builders and CNA Insurance Company, asserted that ERISA preempted § 8–40–201(19) regarding what constitutes "wages" and, therefore, that the cost of health insurance could not be included in the "wage calculation."

The ALJ agreed with petitioners and, by doing so, implicitly determined that § 8–40–201(19) is unconstitutional because it is preempted by ERISA. Based upon that determination, the ALJ denied claimant's request for an increase in his average weekly wage to include health insurance benefits.

The Panel expressed no opinion concerning preemption. However, it reversed, concluding that both it and the ALJ were without authority to determine the constitutionality of § 8–40–201(19). Applying the statute, the Panel ordered that claimant's average weekly wage, and therefore his temporary disability benefits, should be increased to reflect the cost of claimant's purchasing health insurance. Petitioners now appeal from the Panel's ruling.

## I.

We first address claimant's motion to dismiss in which he argues that the proper forum for petitioners' challenge to the validity of the statute is the district court where declaratory relief should have been sought. We disagree.

The concept that federal enactments may prohibit the enforcement of state laws is grounded upon the Supremacy Clause of the United States Constitution which provides that the laws of the United States, made pursuant to the national constitution, "shall be the supreme law of the land." U.S. Const., art. VI.

Any state law that conflicts with federal legislation, either directly or because its enforcement would stand as a barrier to the accomplishment of Congress' full purposes and objectives, is without effect and cannot be enforced. See Cipollone v. Liggett Group, Inc., 505 U.S. 504, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992); Belgard v. United Airlines, 857 P.2d 467 (Colo.App.1992). Thus, since a preemption claim is a challenge to the constitutionality of a statute, see L.Tribe, American Constitutional Law, § 6–25 (2d ed. 1988), the ALJ's determination that § 8–40–201(19) is preempted by ERISA constitutes a finding that a state statute is unconstitutional. See Exotic Coins, Inc. v. Beacom, 699 P.2d 930 (Colo.1985).

Administrative agencies do not have the authority to pass on the constitutionality of statutes or ordinances. That function may be exercised only by the judicial branch of government. Arapahoe Roofing & Sheet Metal, Inc. v. Denver, 831 P.2d 451 (Colo. 1992).

When a party wishes to challenge the constitutionality of a statute or ordinance under which an administrative agency acts, a proper forum is the district court where the party can seek a declaratory judgment. See Kinterknecht v. Industrial Commission, 175 Colo. 60, 485 P.2d 721 (1971). However, in cases involving direct review of agency action, the court of appeals also has "initial jurisdiction to review actions ... when the constitutionality of a statute is at issue." Colorado Ass'n of Public Employees v. Department of Highways, 809 P.2d 988 (Colo. 1991) (fn. 1).

Numerous divisions of this court have held that the court of appeals has jurisdiction to address constitutional challenges to the Workers' Compensation Act. See Floyd v. AMF Tuboscope, Inc., 817 P.2d 534 (Colo. App.1990); Neoplan USA Corp. v. Industrial Claim Appeals Office, 778 P.2d 312 (Colo. App.1989); and Matthews v. Industrial Commission, 44 Colo.App. 159, 609 P.2d 1127 (1980).

To the extent that Stuart–James v. Division of Employment & Training, 824 P.2d 5 (Colo.App.1991) suggests otherwise, its vitality has been eroded by Arapahoe Roofing & Sheet Metal, Inc. v. Denver, supra, which cited Floyd, Neoplan, and Matthews with approval.

Hence, we conclude that whether § 8–40–201(19) is unconstitutional by virtue of preemption by federal legislation is properly a matter within this court's jurisdiction.

## II.

It is undisputed that the health insurance plan maintained by the petitioners is covered by ERISA. Petitioners' argument is that the ALJ correctly determined § 8–40–201(19) is preempted by ERISA. Therefore, petitioners assert that such section of the

statute is without effect and unenforceable because federal law applies. Accordingly, they maintain that the cost of claimant's replacement health plan should not be included in the calculation of his average weekly wage. We disagree.

ERISA is a comprehensive statute that regulates pension and welfare plans providing employees with fringe benefits. A "welfare benefit plan" includes any plan, fund, or program established to provide medical, surgical, or hospital care and benefits. 29 U.S.C. § 1002(3) (1988). ERISA imposes participation, funding, and vesting requirements on pension plans and sets various uniform standards, including rules concerning reporting, disclosure, and fiduciary responsibility for both pension and welfare plans. *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983).

■ Section 514(a) of ERISA, 29 U.S.C. § 1144(a)(1988) (the preemption clause) provides that its provisions "shall supersede any and all State laws insofar as they may ... relate to any [covered] employee benefit plan...." A state statute relates to a benefit plan if the statute has a connection with or reference to such a plan. *Shaw v. Delta Air Lines, Inc., supra.*

■ A state law may relate to a benefit plan, and thereby be preempted, even if the law is not specifically designed to affect such plans, or the effect is only indirect. *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990).

■ The preemption clause has been broadly construed to displace all state laws within its sphere, even those that are consistent with its substantive guidelines, because even indirect state action may encroach upon the area of exclusive federal concern. *Metropolitan Life Insurance Co. v. Massachusetts,* 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985). Thus, even a law enacted to further ERISA purposes may not be saved if it comes within the broad scope of the preemption clause. *See Mackey v. Lanier Collection Agency & Service, Inc.,* 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988) (striking provision of Georgia statute that barred garnishment of ERISA plan because it expressly referred to ERISA benefit plans and accorded them special treatment).

However, the scope of ERISA preemption is not unlimited, *see Ingersoll–Rand Co. v. McClendon, supra,* and some state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law relates to the plan. *Shaw v. Delta Air Lines, Inc., supra.* Accordingly, state laws of general application representing the traditional exercise of state power or regulatory authority often have escaped preemption if their effect on the structure, administration, or type of benefits provided by an ERISA plan was merely incidental. *Houdek v. Mobil Oil Corp.,* 879 P.2d 417 (Colo.App.1994).

Further, ERISA's preemption provision refers to state laws relating to employee benefit *plans,* but not to state laws relating to employee *benefits.* This is because the words "benefit" and "plan" are used separately throughout ERISA and are not treated as the equivalent of one another. Only a "plan" embodies administrative practices vulnerable to employer abuse and justifies the burden that would be imposed by a patchwork scheme of regulation. *Fort Halifax Packing Co. v. Coyne,* 482 U.S. 1, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987).

Relying on *District of Columbia v. Greater Washington Board of Trade,* 506 U.S. 125, 113 S.Ct. 580, 121 L.Ed.2d 513 (1992), the ALJ found that § 8–40–201(19) is preempted because it specifically refers to, and is measured by reference to, group health insurance plans regulated by ERISA. We disagree and conclude that § 8–40–201(19) is not preempted.

The express purpose of § 8–40–201(19) is to calculate the money rate at which services are paid under the contract of hire in force at the time of injury, and to include any advantage or fringe benefit provided to the employee in lieu of wages. Non-cash benefits can comprise a substantial amount of a worker's wages. *See Higgs v. Western Landscaping & Sprinkler Systems, Inc.,* 804 P.2d 161 (Colo.1991). Earlier versions of the statute included as part of wages the reasonable value of health insurance provided to the

claimant. *See State Compensation Insurance Authority v. Smith*, 768 P.2d 1256 (Colo.App.1988). However, the statute was amended in 1989 to include language providing the basis for petitioners' preemption argument. *See* Colo.Sess.Laws 1989, ch. 67, § 8–47–101 at 411. The amended statute emphasizes benefits, refers to the advantage or fringe benefit provided by health insurance coverage, and uses the word "plan" only peripherally. And, although the wage law may result in the increases in the cost of doing business and indirectly affect an employer's decision as to what ERISA benefits to offer employees in a particular locale, this incidental effect does not create a preemptible relation to ERISA plans, and may be easily satisfied at the election of the employer through means unconnected to ERISA plans. *See Keystone Chapter, Associated Builders & Contractors, Inc. v. Foley*, 37 F.3d 945 (3d Cir.1994).

Nor does § 8–40–201(19) affect relations between ERISA entities or alter the structure of ERISA plans. Unlike the situation in *District of Columbia v. Greater Washington Board of Trade, supra,* relied upon by the ALJ, § 8–40–201(19) contains no requirement that the employer provide any level of coverage for the employee. The statute can be meaningfully applied in the absence of ERISA benefits and creates no need for ongoing administration associated with ERISA plans. Thus, its effect on ERISA is too remote, tenuous, or peripheral to warrant a finding that the statute relates to the plan. *Keystone Chapter, Associated Builders & Contractors, Inc. v. Foley, supra,* 37 F.3d at 958.

Our view that ERISA does not preempt § 8–40–201(19) is supported by decisions from other jurisdictions that have considered whether their "prevailing wage" law was preempted by ERISA. Such state statutes require that contractors pay workers at least "the prevailing wage rate in the same or most similar trade or occupation in the area." *See Minnesota Chapter of Associated Builders & Contractors, Inc. v. Minnesota Department of Labor & Industry,* 47 F.3d 975 (8th Cir.1995); *Keystone Chapter, Associated Builders & Contractors, Inc. v. Foley, supra.*

Through the benefits component of such statutes, the employer has the option, as in § 8–40–201(19), to pay part of the minimum wage through cash or benefits. *But see General Electric Co. v. New York State Department of Labor,* 891 F.2d 25 (2d Cir.1989).

In summary, we hold that § 8–40–201(19) is not preempted by ERISA. *See Fort Halifax Packing Co. v. Coyne, supra; Keystone Chapter, Associated Builders & Contractors, Inc. v. Foley, supra. See also Barrett v. Hay,* 893 P.2d 1372 (Colo.App.1995). *Cf. Houdek v. Mobil Oil Corp., supra.*

The Panel's order is affirmed.

STERNBERG, C.J., and RULAND, J., concur.