**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**David Hung MA, Defendant–Appellant.**

**No. 02CA1848.**

Colorado Court of Appeals,
Div. I.

July 29, 2004.

Certiorari Granted Jan. 10, 2005.

Ken Salazar, Attorney General, Matthew D. Grove, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Keyonyu X O'Connell, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge MARQUEZ.

Defendant, David Hung Ma, appeals the judgment of conviction entered upon jury verdicts finding him guilty of criminal mischief and menacing. We remand for further proceedings.

After following his wife's car, defendant struck it several times with his vehicle and then went to her car, grabbed his wife, and threatened her with a knife.

Prior to trial, the prosecution filed an offer of proof and notice of intent to introduce evidence at trial regarding an incident between defendant and his wife that had occurred a few days before the events in this case. Defendant had allegedly forced his wife at knifepoint to sign a document that purported to give him certain portions of her property. Defense counsel filed an objection, in which he asked that the prosecution be required to state with specificity the permissible purpose for introduction of the prior act evidence. Counsel also argued that the prosecution should be required to produce witnesses to testify at a hearing and to establish that the other act occurred by a preponderance of the evidence.

At a later motions hearing, the trial court heard argument from counsel and ultimately decided that § 18–6–801.5, C.R.S.2003, which addresses admission of evidence of other acts in cases involving domestic violence, allows the prosecution to proceed by offer of proof and does not require that it demonstrate by a preponderance of the evidence that the prior act occurred. Thus, the court accepted the prosecution's offer of proof and proceeded to analyze the admissibility of the evidence under CRE 404(b) and *People v. Spoto,* 795 P.2d 1314 (Colo.1990). The court concluded that the evidence of the prior conduct would be admissible at trial.

## I. Section 18–6–801.5

Defendant contends that the trial court erred in its interpretation of § 18–6–801.5 by not requiring the prosecution to prove that the prior act occurred by a preponderance of the evidence. We agree.

The fundamental responsibility in statutory interpretation is to give effect to the General Assembly's purpose or intent in enacting the legislation, beginning with the plain language of the statute itself. *Martin v. People,* 27 P.3d 846, 851–52 (Colo.2001). The plain and literal meaning of statutory language should be given effect, unless to do so would lead to absurd results. *People in Interest of G.M.,* 844 P.2d 1341, 1343 (Colo. App.1992).

We presume that, in enacting legislation, the General Assembly intended that the entire statute be effective. Section 2–4–201(1)(b), C.R.S.2003. If the language of the statute unambiguously sets forth legislative intent, a reviewing court need not apply additional rules of statutory construction to determine its meaning. *Martin v. People, supra.*

In the context of domestic violence cases, § 18–6–801.5 provides, in pertinent part:

(2) In criminal prosecutions involving domestic violence in which the defendant and the victim named in the information have engaged in an intimate relationship as of the time alleged in the information, evidence of any other acts of domestic violence between the defendant and the vic-

tim ... constitute[s] other acts or transactions for the purposes of this section, and the court may authorize the admission of evidence as provided in subsection (3) of this section.

(3) The proponent of evidence of other acts or transactions under this section shall advise the trial court by offer of proof of such evidence and shall specify whether the evidence is offered to show a common plan, scheme, design, identity, modus operandi, motive, or guilty knowledge or for some other purpose.

(4) Upon the offer of proof under subsection (3) of this section, the trial court shall determine whether the probative value of the evidence of similar acts or transactions is substantially outweighed by the danger of unfair prejudice to the defendant, confusion of the issues, or misleading of the jury if the evidence is allowed or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

### A. Preponderance of Evidence

■ Here, defendant argues that the trial court erred in concluding that § 18–6–801.5 superseded the requirement set forth in *People v. Garner*, 806 P.2d 366 (Colo.1991), that the prosecution has the burden of proving by a preponderance of the evidence that the prior events actually occurred. We agree.

In *Garner*, the supreme court interpreted Colorado Rule of Evidence 104(a) and determined that, before other act evidence can be admitted, the trial court is to examine all the evidence before it and be satisfied by a preponderance of the evidence that the other act occurred and that the defendant committed it. The court then must consider whether the evidence is being offered for a proper purpose and is logically relevant to a material issue in the case, whether the logical relevancy of the evidence is independent of the intermediate inference of the defendant's bad character, and whether the probative value of the other act evidence is substantially outweighed by the danger of unfair prejudice to the defendant. *People v. Garner, supra*, 806 P.2d at 373–74; *see also People v. Spoto, supra.*

The statute directs the trial court to proceed in its analysis of admissibility upon an offer of proof. While it does not state that the court is to make its determination based on a preponderance of the evidence, it also does not state that the court may admit the evidence without making such a determination. In our view, the statute does not unambiguously override the rule-based requirement in *Garner* that the court be satisfied by a preponderance of the evidence that the other act occurred.

In *Garner, supra*, 806 P.2d at 370, the supreme court noted that the Colorado Rules of Evidence "are silent on the quantum of proof applicable to questions of admissibility," but that the preponderance of the evidence standard had been adopted as the controlling norm for determining preliminary questions relating to admissibility. *See also People v. Montoya*, 753 P.2d 729, 733 (Colo.1988)(preponderance standard is the traditional standard used to resolve most preliminary questions of admissibility); *Page v. Clark*, 197 Colo. 306, 318, 592 P.2d 792, 800 (1979)(a fact is established by a preponderance of the evidence when, after consideration of the evidence, the existence of that fact is more probable than its nonexistence). Thus, CRE 104(a) requires a trial court to be satisfied by a preponderance of the evidence of the conditions precedent to admissibility before other act evidence can be exposed to the jury. *See People v. Garner, supra*, 806 P.2d at 372; *People v. Moore*, —— P.3d ——, 2004 WL 1690247 (Colo.App. No. 01CA1760, July 29, 2004).

■ Legislative policy and judicial rulemaking powers may overlap to some extent so long as there is no substantial conflict between a statute and a rule. If a statute governing procedural matters in criminal cases conflicts with a rule promulgated by the supreme court, the rule controls because the statute would be a legislative invasion of the court's rulemaking powers. However, in substantive matters, a statutory enactment prevails over a conflicting supreme court rule. *People v. McKenna*, 196 Colo. 367, 373, 585 P.2d 275, 279 (1978).

■ Rules adopted to allow the courts to function efficiently are procedural, while matters of public policy are substantive and thus appropriate subjects for legislation. *People v. Wiedemer,* 852 P.2d 424, 436 (Colo.1993). Substantive laws create, define, and regulate the rights and duties of the parties. *See Nye v. Indus. Claim Appeals Office,* 883 P.2d 607, 609 (Colo.App.1994)(substantive statutes create, eliminate, or modify vested rights or liabilities).

We conclude § 18–6–801.5 simply implements the General Assembly's determination that evidence of previous incidents should be considered as necessary in evaluating subsequent charged acts of domestic violence. To the extent the statute addresses offers of proof, such offers are generally considered procedural matters. *See People v. Melillo,* 25 P.3d 769, 773 (Colo.2001)(noting that for purposes of the rape shield statute, § 18–3–407(2), C.R.S.2003, the moving party must comply with certain procedural requirements, including stating that the moving party has an offer of proof of the relevancy and materiality of the evidence sought to be admitted); *People v. Underwood,* 53 P.3d 765, 769 (Colo.App.2002)(observing that § 16–10–301(4), C.R.S.2003, provides the procedures that apply when the prosecution introduces other act evidence).

The legislative declaration, likewise, does not abrogate the *Garner* requirement for a determination by a preponderance of the evidence. Section 18–6–801.5(1), C.R.S.2003, provides:

> The General Assembly hereby finds that domestic violence is frequently cyclical in nature, involves patterns of abuse, and can consist of harm with escalating levels of seriousness. [We] therefore declare[ ] that evidence of similar transactions can be helpful and is necessary in some situations in prosecuting crimes involving domestic violence.

Here, to further its declared policy regarding domestic violence prosecutions, the General Assembly has chosen to address the procedures for presenting other act evidence to the trial court for its admissibility determination.

That the requirement for proof by a preponderance of evidence has not been abandoned is manifested by § 16–10–301(3)–(4), C.R.S.2003, the statute regarding similar transaction evidence in sexual assault cases. Under § 16–10–301, the prosecution is required to advise the trial court and the defendant of the evidence and the purpose for which it is being offered. The trial court must then determine whether the other act occurred by a preponderance of the evidence. We find it significant that the previous version of § 16–10–301(4)(c) provided that "[t]he evidence of other acts may not be admitted until the trial court finds that the prosecution has by evidence or offer of proof established a prima facie case for the charged offense." *See* Colo. Sess. Laws 1996, ch. 280 at 1580. The statute was later amended to provide instead that the trial court could proceed upon an offer of proof. *See* § 16–10–301(4)(c).

Although the General Assembly has not included the preponderance of the evidence language in § 18–6–801.5, it has not stated anywhere why domestic violence cases, which often involve sexual assaults, and sexual assault offenses should be treated differently. We must presume that the General Assembly was aware of *People v. Garner, supra,* when it enacted § 18–6–801.5 in 1994. *See People v. Zapotocky,* 869 P.2d 1234, 1240 (Colo. 1994)(it is presumed that the legislature acts with awareness of prior decisional law on the subject matter under inquiry when it enacts or amends a statute).

Thus, we conclude that the trial court should have complied with the *Garner* requirements in determining the admissibility of the other act evidence in this case.

Our conclusion is supported by the legislative history of § 18–6–801.5. During a Senate Judiciary Committee hearing on the bill, a senator stated that the admission of evidence of prior acts should be left to the discretion of the trial court, but the language of the statute should not leave courts with the impression that admission of prior act evidence was mandatory. Notably, the senators did not mention abrogating the burden of proof requirement in *Garner* or otherwise indicate that the committee intended that no standard

of proof should apply. *See* Hearing on S.B. 94–051 before the Senate Judiciary Committee, 58th General Assembly, 1st Session (Jan. 24, 1994).

### B. Evidentiary Hearing

However, we do not agree with defendant that an evidentiary hearing is required.

Section 18–6–801.5 does not require that a hearing be held, but rather directs the trial court to proceed "[u]pon the offer of proof." *See* § 18–6–801.5(4). The supreme court has observed in a more general evidentiary context that "it will be a rare occasion when a trial court can make an informed ruling on . . . admissibility . . . on the basis of an offer of proof made at the pretrial phase of the case." *People v. Montoya, supra,* 753 P.2d at 732.

Nor are we persuaded by defendant's argument that the legislative history establishes the General Assembly's intent that a hearing is required. Citing a senator's hypothetical discussion of how an offer of proof would work, including the mention of police officers and witnesses "to substantiate the offer," defendant asserts that some type of hearing was intended. Nonetheless, we do not view the senator's hypothetical as tantamount to a requirement that a hearing be held on an offer of proof under the statute.

■ Because of the amended language of § 16–10–301(4)(c), and because § 18–6–801.5(4) contains similar language allowing the trial court to determine admissibility upon an offer of proof, we conclude that the court is not required to hold a hearing if it can determine from the offer of proof that the other acts occurred by a preponderance of the evidence. *See People v. Groves,* 854 P.2d 1310 (Colo.App.1992). However, the court is not precluded from holding a hearing if it finds that one is necessary to determine whether the prior act occurred. Because the statute does not expressly direct that a hearing be held, we conclude it is a matter within the trial court's discretion.

Thus, because the trial court here did not consider whether the prior act was shown by a preponderance of the evidence, a remand to the trial court for further proceedings is necessary. On remand, if the trial court determines that the preponderance of the evidence standard was satisfied, the judgment shall stand affirmed, subject to defendant's right to appeal that ruling. However, if the court concludes that the standard was not met, the judgment shall be reversed, and defendant shall be entitled to a new trial.

### II. Challenge for Cause

In light of our conclusion in Part I and the possibility that a new trial may not be required, we also address defendant's contention that the trial court erred by denying his challenge for cause to a prospective juror. We perceive no reversible error.

During jury voir dire, in response to the court's question whether any prospective juror was an employee of a law enforcement agency, one prospective juror informed the court that he was a United States Army military police reservist. He stated that he served one weekend a month and that he was involved with military police combat missions and site security missions. The court asked counsel whether they wanted to challenge this prospective juror for cause, and both counsel declined.

Later, the prospective juror was further questioned, and he indicated that he had testified in military trials "essentially" as a police officer. In response to defense counsel's questions regarding the credibility of police officers, he stated: "Yes, I do believe that most [officers of the law] will uphold their duty to be honest and forthright in all criminal proceedings." Defense counsel subsequently challenged this prospective juror for cause pursuant to § 16–10–103(1)(k), C.R.S.2003. The trial court denied the challenge, concluding that defense counsel had waived it by not challenging the juror earlier.

A trial court must sustain a challenge for cause if a juror is a compensated employee of a public law enforcement agency or a public defender's office. *See* § 16–10–103(1)(k); Crim. P. 24(b)(1)(XII).

■ Here, however, a division of this court has concluded that agencies of the federal Department of Defense, including the Army, are not law enforcement agencies within the

meaning of § 16–10–103(1)(k). *People v. Urrutia,* 893 P.2d 1338, 1345–46 (Colo.App. 1994). We agree with the division's reasoning and conclusion in that opinion.

We also reject defendant's challenge on grounds of bias. The prospective juror stated in response to questions that he could be fair. On this record, we perceive no abuse of discretion.

Accordingly, the trial court properly denied defendant's challenge for cause to this prospective juror.

The case is remanded to the trial court for further proceedings consistent with this opinion.

Judge KAPELKE and Judge PICCONE concur.